[No. 32659.   Department Two.   April 22, 1954.]

Delbert G. Barnett *et al., Respondents,* v. Inland Motor Freight, *Appellant.*[1]

*John D. MacGillivray* and *Willard W. Jones,* for appellant.

*Cashatt & Williams* and *Karl V. Herrmann,* for respondents.

Grady, C. J.—The respondents brought this action to recover damages arising out of injuries sustained by them when the automobile in which they were riding came in contact with one being driven by Walter R. Steele. The automobile driven by Steele was the property of appellant, and Steele was one of its employees in the capacity of a solicitor or salesman of motor freight transportation. The jury found that Steele was negligent in the operation of the

[1]Reported in 269 P. (2d) 592.

automobile, and that at the time of the collision he was acting in the course and scope of his employment. A verdict against appellant was returned.

No motion was made by appellant for a nonsuit at the close of respondents' case, but at the close of all of the evidence appellant moved for a directed verdict. After the verdict was returned, appellant moved for a judgment notwithstanding the verdict of the jury, or, in the alternative, for a new trial. The motions were denied, judgment was entered on the verdict, and this appeal followed.

The assignments of error challenge the legal sufficiency of the evidence to establish that, at the time of the collision, Steele was acting within the course or scope of his employment as a salesman or solicitor of freight.

At the close of respondents' case in chief, the evidence showed that the automobile being driven by Steele at the time of the collision was the property of appellant, and that Steele was on its payroll as an employee whose primary duty was to solicit freight for transportation. Such facts were sufficient to take the case to the jury. *Bradley v. S. L. Savidge, Inc.*, 13 Wn. (2d) 28, 123 P. (2d) 780; *McGinn v. Kimmel*, 36 Wn. (2d) 786, 221 P. (2d) 467.

The appellant assumed its duty of going forward with evidence to meet the case made by respondents, and from such evidence, direct and circumstantial, together with reasonable inferences properly to be drawn therefrom, the jury was justified in finding as follows:

Appellant was engaged in the business of transporting freight and employed solicitors to make contacts with shippers. Steele was assigned the business district of Spokane. The method of solicitation used by Steele with the knowledge and consent of appellant was not only to call upon customers and prospective customers, but to make contacts and gain friendships and goodwill in a social way. The social activities included taking customers to dinners and luncheons, furnishing cigarettes, cigars, drinks, etc., also tickets for football, basketball, and hockey games. Customers and prospective customers were taken on hunting and

fishing trips. At times, Steele was authorized to use a company automobile for the hunting and fishing trips. Some of the expenses incurred by Steele in such social activities were assumed by appellant. The part of the solicitation of business that included the social activities and hunting and fishing trips was not limited to Steele's regular working hours, but many of these activities were carried on evenings and nonworking days such as Saturdays, Sundays, and holidays.

On the week end of October 7th, Steele had the use of a company automobile. Sunday afternoon, he drove the automobile from his home to Newman Lake and was accompanied by his wife and children. His purpose in going to Newman Lake was to test the sights on his deer-hunting rifle; he contemplated taking customers deer hunting. The deer-hunting season opened October 14th or 15th. On the way home from Newman Lake, the collision occurred.

In order to sustain the verdict, we must conclude that the evidence relating to the trip made by Steele to Newman Lake to test the sights on his rifle and of his method of soliciting freight business through social amenities such as taking customers on hunting trips, viewed in a light most favorable to respondents, justified the drawing of inferences of fact of sufficient probative value to warrant a finding that, at the time the accident occurred, Steele was acting in the course and scope of his employment, rather than being on a private mission solely personal to himself and his family, and that such inferences are of such legal sufficiency that it can be said respondents sustained their burden of proof.

We have been liberal in sustaining verdicts in the class of cases where the testimonial knowledge of the fact of agency is confined to adverse interested witnesses and where a plaintiff has only a presumption of fact to get his case past a motion for a nonsuit; however, we have required that there be shown some reasonable relationship between what the employee was doing at the time of the happening of the event upon which liability was based and the character of the employment. The latter may be so remote from the

former and there be such a clear lack of relationship between the two that the court must hold as a matter of law that the burden of proof has not been sustained, or that the inferences to be drawn favorable to the plaintiff have been so completely met and overcome that the court must hold that reasonable minds cannot differ and conclude the verdict cannot stand.

Applying these tests, we cannot escape the conclusion that the anticipated deer-hunting trip Steele may have expected to make with customers or prospective customers did not have such a connection with his trip to Newman Lake to test the sights on his rifle as to be legally sufficient to base a finding of fact that, when the accident occurred, he was acting in the course and scope of his employment.

The judgment is reversed, and the cause remanded for the entry of a judgment of dismissal of the action.

SCHWELLENBACH, HILL, DONWORTH, and WEAVER, JJ., concur.

---

August 9, 1954. Petition for rehearing denied.