[No. 762-1.    Division One—Panel 1.    December 6, 1971.]

ALEXANDER D. MATTHEWS *et al., Appellants,* v. JOBS RUDDY *et al., Respondents.*

*Murray & Holmes* and *Joseph D. Holmes,* for appellants.

*Robert V. Brown,* for respondents.

WILLIAMS, J.—Plaintiffs, Alexander D. Matthews and Diana Sue Matthews, his wife, instituted this action to recover for personal injuries which they sustained when a

wheel came off a truck owned by defendants Jobs Ruddy and wife and operated by defendant William C. Mutschler. The wheel struck the vehicle in which plaintiffs were riding. They appeal from a summary judgment dismissing defendants Jobs Ruddy and wife from the action.

In their complaint, appellants alleged that the respondents, Jobs Ruddy and wife, were owners of the truck and that defendant Mutschler, the operator, was an agent and employee of respondents. Respondents' answer to the complaint admitted ownership of the truck, but denied that defendant Mutschler was their agent or employee.

In the affidavit in support of the motion for summary judgment, respondents stated that at the time of the accident defendant Mutschler was employed by Stores Delivery Service, a corporation. Appellants' two contravening affidavits, each signed by their attorney, asserted that respondents had admitted ownership of the truck, the corporation was small and closely held by respondents as a family, respondents had signed a loan application as officers of the corporation and individually, and that the records of the Secretary of State of the State of Washington listed respondents as president and secretary of Stores Delivery Service, a corporation.

The order granting the summary judgment must be upheld for two reasons: The first is that appellants' affidavits, filed in opposition to the motion for summary judgment, were not made on the personal knowledge of their affiant, and so were of no effect. CR 56. The second reason is that even if the statements contained in the affidavits are considered to be true, there is still no material issue of fact. It remains undisputed that the operator of the truck was working for Stores Delivery Service, a corporation, and not for respondents. Even if respondents were owners of the corporation and served as its principal officers, they would not, without more, be subject to personal responsibility for defendant Mutschler's operation of the truck. RCW 23A.08.210, *Christensen v. Skagit County,* 66 Wn.2d 95, 401 P.2d 335 (1965).

Appellant advances the rule that respondents' ownership of the truck created a presumption that the operator was their agent. This presumption is correct, *Callen v. Coca Cola Bottling, Inc.*, 50 Wn.2d 180, 310 P.2d 236 (1957), but was overcome by the uncontradicted statement in respondents' affidavit that the operator was the agent and employee of Stores Delivery Service.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.