[No. 32162. Department One. October 29, 1953.]

RUBY E. HUTTON, *as Administratrix, Appellant,* v. DAVID L. MARTIN *et al., Defendants,* NORTHWEST CASUALTY COMPANY, *Respondent.*[1]

[1]Reported in 262 P. (2d) 202.

*Kenneth C. Hawkins* and *S. E. Chaffee*, for appellant.

*Gavin, Robinson & Kendrick* and *Rode, Cook, Watkins & Orth*, for respondent.

OLSON, J.—By this garnishment proceeding, plaintiff seeks to compel defendant city's insurer to pay a judgment for the wrongful death of her husband, under the terms of a public liability indemnity policy.

The fatal accident occurred October 14, 1949, at two o'clock in the afternoon. Defendant city was then insured under an indemnity policy issued by the garnishee defendant. This policy expired October 15, 1949, at 12:01 a. m. It contained the following provisions:

"3. LIMITS OF LIABILITY. (No insurance is afforded under any Insuring Agreement unless specific limits of liability as to such Insuring Agreement are set forth below):

"INSURING AGREEMENT I (a)

"Bodily injury, sickness, disease or death—$5,000. each person and subject to that limit for each person. $25,000. each occurrence."

Plaintiff asserted that, on September 20, 1949, defendant city and the insurer entered into an oral agreement by which the stated limits in the policy were increased.

This issue came on for trial before a jury, and, at the conclusion of the plaintiff's evidence, the court sustained a challenge to its sufficiency, interposed by the garnishee defendant, and discharged the jury.

The trial court correctly considered the evidence as we must consider it, that is, that a challenge to its sufficiency admits the truth of the evidence of the party against whom the challenge is made, and that this evidence and all inferences that reasonably can be drawn from it must be viewed most strongly against the challenger.

The alleged oral contract between the insurance company and the city was claimed to have been made at a meeting of the city council, September 20, 1949. An agent of the company attended this meeting. There was a discussion of

the cost and possibility of an increase in the limits of liability in the city's policy. Assuming that it was agreed between the city and the agent that such limits were to be increased, the narrow issue for decision is: When was this agreement to be effective?

█ The words used by the city officials at the meeting are not in evidence. At best, the record contains words of conclusion, stating what they supposed or what their understanding was. There is no testimony by any of the city officials of any words used by them which could support a verdict based upon an oral agreement that the limits of the policy in question should be increased immediately, that is, on the date of the meeting, rather than when the policy was to be renewed upon its expiration date. Further, there is no evidence that the agent of the company, who attended the meeting, expressed any words which would support such an agreement.

It is significant, but not controlling upon a demurrer to the evidence, that the minutes of the council meeting, dated September 20, 1949, read as follows:

"Frank Gano talked to the council relative to increasing the amount of coverage on the liability policy. For the sum of $40.00 it could be doubled. Council instructed him to go ahead & renew the policy with the added coverage."

The trial court correctly sustained the demurrer to plaintiff's evidence.

This conclusion makes it unnecessary for us to consider whether or not her action is, in effect, one for reformation of a contract of insurance, with its inherent question of her capacity to bring such an action. Also, we need not consider whether it is possible to make or modify a contract of insurance by an oral agreement.

█ This leaves for consideration but one other contention advanced by plaintiff. Her judgment in the principal action exceeds five thousand dollars. She brought the action, in a representative capacity, under the wrongful death statutes, RCW 4.20.010, 4.20.020 [cf. Rem. Rev. Stat., §§ 183, 183-1, 183-2], on behalf of herself and two minor children. No damages are recoverable in such an action for injuries

inflicted upon the decedent. *Boyd v. Sibold,* 7 Wn. (2d) 279, 109 P. (2d) 535 (1941).

Plaintiff contends that the injured parties, under the statutes cited, are the surviving spouse and the children. She would have us hold that, inasmuch as she sued in a representative capacity for damages sustained by three individuals, each of them should be considered "each person" under the terms of the policy.

We cannot agree with this contention. In addition to the quoted language of the policy, it contains a further provision reading as follows:

"CONDITIONS

"A. The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury to, sickness, disease, or death of one person in any one occurrence; . . ."

The words of limitation in the policy, used in connection with "each person," are "bodily injury to, . . . or death of one person in any one occurrence." They are not ambiguous or of uncertain definition. Giving them their plain meaning, it is apparent that the words, "each person," refer to the person injured or killed, and not to each person who may suffer damages from such injury or death.

Plaintiff and her children were not involved in the occurrence in which her husband was killed. Her judgment is for consequential and not direct damages. The plain words of the policy cannot be construed so that these consequential damages can be said to be for a distinct bodily injury to her or her children, or that they were not sustained because of the bodily injury or death of only one person, her husband. Such a construction would impose a liability upon the insurer in excess of the plain limit stated in the policy for an accident to one person. The limit of the insurance company's liability, under the policy in this case, for all damages from one occurrence in which only one person received bodily injury or was killed, is five thousand dollars,

whether the damages be direct or consequential. 6 Blash-field, Cyclopedia of Automobile Law and Practice (Perm. ed.) 163, § 4102; 8 Appleman, Insurance Law and Practice 295, § 4891; *Williams v. Standard Accident Ins. Co.*, 188 F. (2d) 206, 208 (1951); *New Amsterdam Cas. Co. v. Hart*, 153 Fla. 840, 16 So. (2d) 118, 150 A. L. R. 1150 (1943), referring, both in the decision and in the annotation, to cases of other jurisdictions reaching the same result.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

