[No. 40043. En Banc. March 5, 1970.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
et al., Respondents, v. KAREN MONTGOMERY
BAFUS, Appellant.*

*MacGillivray, Jones, Clarke & Schiffner, Allen L. Mc-Alear,* and *William A. Franke,* for appellant.

*Turner, Stoeve & Layman, Clare E. Turner,* and *Brian B. Kennedy,* for respondents.

HALE, J.—Defendant qualifies for recovery under the uninsured motorist clause of two insurance policies. The ques-

*Reported in 466 P.2d 159.

tion is whether the policy limits may be stacked or whether recovery is limited to the greater of the two.

Karen Bafus, then Karen Montgomery, 19 years old and unmarried, lived with her parents in Spokane. July 25, 1965, she was riding as a passenger in an automobile driven by one Robert Ellenwood near the town of Polson in Lake County, Montana. The driver stopped the car and Karen was injured as she alighted when her car was struck by a car driven by Richard Temanson. Everyone agrees that Richard Temanson was an uninsured motorist within the meaning of the two insurance policies.

The Montgomerys and Karen, as a member of their household, at the time were covered by two policies of automobile casualty insurance, one issued by the plaintiff, State Farm Mutual, and the other by plaintiff Aetna Casualty and Surety Company. Both policies had an uninsured motorist clause affording protection to Karen, it is agreed, against personal injuries caused by uninsured motorists.

Aetna's uninsured motorist clause had a $20,000 limit and State Farm's a $10,000 limit, each expressed in nearly identical language and of the same legal effect, the Aetna clause reading:

> AETNA CASUALTY will pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the Insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the Insured or such representative and Aetna Casualty or, if they fail to agree, by arbitration.

Except for the lower $10,000 limit, State Farm's uninsured motorist protection gave the Montgomerys the same coverage as Aetna, each policy insuring to the extent that the insured would be "legally entitled to recover" from the

owner or operator of an uninsured automobile for bodily injuries.

Both policies, using nearly the same language and of identical legal effect, had excess insurance clauses limiting the insurer's liability to the extent that the respective policy exceeded in amount any other policy under which the insureds might recover, Aetna's clause reading:

> With respect to bodily injury to an Insured while occupying an automobile not owned by the named Insured, the insurance under the Uninsured Motorists Coverage shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Each policy also contained an arbitration clause enabling either the insured or the insurer to demand arbitration in case of disagreement either as to the right to recovery or the amount of damages and declaring that when accomplished the arbitration should be deemed binding and final.

Karen Bafus commenced an action on or about October 15, 1965, in the United States District Court for the District of Montana against State Farm Mutual and Aetna alleging the numbers and terms of the companies' respective policies and thus giving each company notice of her claim upon the other. The federal court dismissed this action August 5, 1966, for want of citizenship diversity. Then, August 22, 1966, giving each insurance company adequate notice, Mrs. Bafus brought an action for personal injuries in the Fourth Judicial District Court for Montana against Robert Ellenwood and Richard Temanson. September 27, 1966, State Farm Mutual notified Mrs. Bafus in writing that it demanded arbitration; Aetna orally requested arbitration December 20, 1966; and Mrs. Bafus acceded to arbitration under the Aetna policy a month later, in January, 1967. Thus, both insurance companies made timely demand for and Mrs. Bafus agreed to arbitration with both of them.

The main dispute arises now from the fact that defendant Bafus insisted on two separate arbitrations—one with

each insurance company. She requested and Aetna agreed that the American Arbitration Association arbitrate her rights under the uninsured motorist provision of the Aetna policy. Aetna and Bafus then proceeded to arbitration, the hearing being held in Spokane on March 31, 1967.

State Farm Mutual, in the interim and before issuance of the arbitration award, after repeatedly insisting that there could be but one compulsory arbitration and that any award must be prorated between the two companies on a ratio of their respective maximum liabilities of $20,000 to $10,000, brought this action for a declaratory judgment in which Aetna joined as plaintiff. Arbitration proceedings between Mrs. Bafus and Aetna were held and as a result the American Arbitration Association made an award April 21, 1967, in favor of Karen M. Bafus and against Aetna Casualty and Surety Company in the amount of $10,278.91, plus costs of $25. Plaintiff insurance companies now seek a declaratory judgment that the maximum total liability under their uninsured motorists' provisions is $20,000—the maximum specified in the Aetna policy—and that the $10,000 coverage afforded by State Farm could not, under these contracts, be stacked onto the $20,000. They also ask the court to declare that the award be prorated between the two plaintiff insurance companies in accordance with their respective total liabilities, i.e., two thirds to Aetna and one third to State Farm Mutual; and, by ordering a stay of arbitration as to State Farm Mutual, they ask the court to declare in effect that, under the circumstances, defendant Bafus is entitled to only one award and State Farm cannot be compelled to arbitrate an additional award.

 Recovery for personal injuries arising from a tortious act or omission in connection with owning or using an automobile is allowed at law to enable an injured party to obtain in money recompense for whatever damages he incurred as a proximate result of the tort. When he receives this amount, he is in law made whole insofar as money can make him so. Protection against torts inflicted by uninsured motorists in connection with the use of an automobile accomplishes this to the extent of the specified coverage. A

motorist is deemed uninsured if he has no liability insurance at all or his insurance company is insolvent and unable to respond in damages to the extent of the plaintiff's uninsured motorist clause limits. *Tsapralis v. Public Employees Mut. Cas. Co.,* 77 Wn.2d 581, 464 P.2d 421 (1970). The insurance carrier which issued the policy stands, therefore, in the shoes of the uninsured motorist to the extent of the carrier's policy limits. Thus, unless there is an obligation in contract or quasi contract or by way of lawful statutory penalty to pay more than the damages actually sustained, the injured party has but one claim against the tort-feasor for his damages. *Dawson v. Baum,* 3 Wash. Terr. 464, 19 P. 46 (1888); *Sprague v. Adams,* 139 Wash. 510, 247 P. 960, 47 A.L.R. 529 (1926).

The 1967 session of the legislature virtually ordained all automobile liability insurance written in this state to provide uninsured motorists coverage (Laws of 1967, ch. 150, § 27, P. 737; RCW 48.22.030). It required insurance companies writing automobile casualty insurance to allow recovery to the insured from the carrier for such damages as he is entitled from an uninsured motorist "because of bodily injury, sickness or disease." The coverage required and the protection to be afforded from the uninsured motorist or hit-and-run driver are precisely the same damages which one can ordinarily claim for bodily injury from any other operator or owner of a motor vehicle. Thus, unless the contracts of insurance provide otherwise or the evidence preponderates that the parties to the insurance contract had different intentions, a single award or a judgment for all damages arising from bodily injuries resulting from an automobile accident when paid constitutes the full remedy afforded by the uninsured motorist's clause.

■ Defendant Bafus had one accident and incurred one set of injuries for which she was entitled to one recovery. The amount of her recovery was arbitrated with finality in an award in her favor of $10,278.91, plus $25 costs, against Aetna. Since the uninsured motorist's provision of Aetna's policy had a $20,000 limit, her award was in no jeopardy of nonpayment. Being entitled to but one award in full com-

pensation for the bodily injuries sustained, further arbitration would not have increased her award for the same injuries and would have been in vain. No provisions in either contract of insurance, nor in the statute, have been pointed out which would warrant a stacking of liability, one policy upon the other, to allow duplicate or overlapping awards for the same bodily injuries.

Accordingly, we deem it the rule that, in the absence of a statute or contract to the contrary, one who has coverage under the uninsured motorist provisions of two or more policies of insurance in separate companies is entitled to but one recovery to the extent of his maximum coverage under the larger of them, and cannot increase his total award by stacking one liability upon the other. *Maryland Cas. Co. v. Howe,* 106 N.H. 422, 213 A.2d 420 (1965); *Burcham v. Farmers Ins. Exch.,* 255 Iowa 69, 121 N.W.2d 500 (1963). Supporting this conclusion is the rationale of our decision in *Miller v. Allstate Ins. Co.,* 66 Wn.2d 871, 405 P.2d 712 (1965).

We are of the opinion that the trial court properly stayed the arbitration claim of defendant against State Farm Mutual; correctly limited the total award to the $10,278.91, plus $25 costs, in full recompense for bodily injuries arising out of a single accident; and properly directed an apportionment of the award between the two companies in accordance with the respective applicable policy limits.

Affirmed.

HUNTER, C. J., FINLEY, WEAVER, ROSELLINI, HAMILTON, NEILL, and McGOVERN, JJ., concur.