[No. 2259-1.    Division One.    August 26, 1974.]

WEST AMERICAN INSURANCE COMPANY, *Appellant*, v. JOHN A. BUCHANAN *et al.*, *Respondents*.

*Keller, Rohrback, Waldo, Moren & Hiscock* and *Burton C. Waldo* and *Kenneth L. Cornell*, for appellant.

*Cushman, Thomas & Holt* and *R. M. Holt*, for respondents.

JAMES, J.—West American Insurance Company sought a declaratory judgment construing an uninsured motorist endorsement on a motor vehicle liability insurance policy which it had issued to the Buchanans. It appeals from an order denying its motion for summary judgment and dismissing its action with prejudice.

The facts are not in dispute. The Buchanans' 10-year-old

daughter was seriously injured in an automobile accident with an uninsured motorist. West American concedes that the accident occurred while the policy was in effect and that their daughter was an insured by definition under the policy. West American paid the guardian for the daughter $15,000, and the Buchanans concede that, under the policy's terms, this payment is the limit of the company's liability for the injuries sustained by their daughter.

West American brought this suit seeking a declaration that it had no further liability toward the Buchanans under the policy. The Buchanans disagree, pointing out that under RCW 4.24.010,[1] they have a cause of action for mental anguish, grief and injury to the parent-child relationship. *Brummett v. Grange Ins. Ass'n,* 4 Wn. App. 979, 485 P.2d 88 (1971). West American concedes that the Buchanans have such a cause of action but contends that the policy limits have been exhausted as to this accident and, therefore, it has no further liability toward them. The uninsured motorist endorsement of the policy provided that the limits of liability of West American

> for all damages, including damages for care or loss of services, because of *bodily* injury sustained by one person as the result of any one accident . . .

(Italics ours.) is $15,000, and that

> the total limit of the company's liability for all damages, including damages for care or loss of services, because of

---

[1]RCW 4.24.010, as amended at the time of the accident provided:

A father, or in case of his death or desertion of his family, the mother may maintain an action as plaintiff for the injury or death of a minor child, or a child on whom either is dependent for support, . . .

In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just.

Laws of 1967, 1st Ex. Sess., ch. 81, p. 1734.

The statute was subsequently amended by Laws of 1973, 1st Ex. Sess., ch. 154, § 4, p. 1124.

*bodily* injury sustained by two or more persons as the result of any one accident

(Italics ours.) is $30,000.

The Buchanans concede that they did not sustain any direct physical impact as a result of the accident. They argue, however, that their cause of action under RCW 4.24.010 makes them injured persons as a result of the accident and that since more than one insured was therefore injured as a result of the accident, the $30,000 limit of liability applies.

The policy language is clear and unambiguous. *See Hutton v. Martin*, 43 Wn.2d 574, 577, 262 P.2d 202 (1953). In an accident where "bodily injury [is] sustained by one person," the limit of West American's liability "for all damages, including damages for care or loss of services" is $15,000. To read the policy as the Buchanans wish would be to read out of the clause the word "bodily," and such is clearly not permissible under any principle of contract construction. However, the Buchanans' primary argument is that this construction of the contract is contrary to public policy as expressed by statutory enactments and that, therefore, it is void.

It has been held in the uninsured motorist context that:

Any limiting language in an insurance contract which has the effect of providing less protection than that made obligatory by [RCW 48.22.030] would be contrary to the public policy as expressed, and of no force and effect.

*Brummett v. Grange Ins. Ass'n, supra* at 981. *See also Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 520 P.2d 1368 (1974); *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d 327, 494 P.2d 479 (1972); and *Signal Ins. Co. v. Walden*, 10 Wn. App. 350, 517 P.2d 611 (1973). RCW 48.22.030[2] requires an insurance company to offer uninsured

---

[2]RCW 48.22.030 provides in part:

"On and after January 1, 1968, no . . . policy . . . insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in

motorist coverage as part of its motor vehicle liability insurance. The purpose of this requirement is to

> protect the public from the ravages of the negligent and reckless driver. . . . who will not or cannot provide financial recompense for those whom [he has] negligently injured, . . .

*Touchette v. Northwestern Mut. Ins. Co., supra* at 332. *See also Hartford Accident & Indem. Co. v. Novak, supra*; and *State Farm Mut. Auto. Ins. Co. v. Bafus*, 77 Wn.2d 720, 466 P.2d 159 (1970). Because of this policy, it is said that

> [t]he insurance carrier which issued the policy stands, . . . in the shoes of the uninsured motorist *to the extent of the carrier's policy limits.*

(Italics ours.) *State Farm Mut. Auto. Ins. Co. v. Bafus, supra* at 724.

Thus there is ample authority in the uninsured motorist context that if the language of the contract is contrary to public policy, it is void. However, we find nothing in the statutes on which the Buchanans rely to indicate that the contract language in this case is contrary to public policy.

RCW 48.22.030 incorporates the minimum limits for liability "for bodily injury or death set forth in RCW 46.29.490." RCW 46.29.490(2)(b) provides that the minimum coverage shall be

> [f]ifteen thousand dollars because of *bodily* injury to or death of one person in any one accident and, subject to said limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident, . . .

(Italics ours.) The policy issued to the Buchanans met the statutory minimum requirements. To construe the statute so that the Buchanans' injury under RCW 4.24.010 raises

---

this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, . . . including death, resulting therefrom, . . ."

the limits of liability from the amount specified for "injury to or death of one person" to the amount specified for "injury to or death of two or more persons" requires that we amend the statute to delete the word "bodily," which modifies each of the phrases. The legislature is presumed to have used no superfluous words, and we must accord meaning, whenever possible, to each word of the statute. *State v. Lundquist,* 60 Wn.2d 397, 374 P.2d 246 (1962).

Alternatively, the Buchanans urge that RCW 4.24.010 permits them to recover for their own "bodily injury" and that since they sustained this injury as a result of the accident, more than one person sustained "bodily injury" as a result of the accident. RCW 4.24.010 was amended in 1967 to permit for the first time the recovery for "parental grief, mental anguish and suffering." *Wilson v. Lund,* 80 Wn.2d 91, 97, 491 P.2d 1287 (1971). Grief, mental anguish and suffering are arguably more similar to the "pain and suffering" element of direct damages for a "bodily injury" than to such consequential damages as medical expenses and loss of wages. But we are persuaded that grief and mental anguish are also consequential damages rather than direct damages because their recovery is necessarily dependent upon the injury to another person—the child.

The general rule as to consequential damages is discussed in 8 J. Appleman, *Insurance Law & Practice* § 4891, at 319 (1962):

[I]t often happens that there are consequential damages, as well as the damages suffered by the injured person himself. Thus, where a wife or child is injured, the husband or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern.

(Footnote omitted.) In Washington, this rule is illustrated by the case of *Hutton v. Martin, supra*. In *Hutton*, the plaintiff surviving spouse brought an action for her husband's wrongful death on behalf of herself and her two children. After being awarded judgment, she sought a writ of garnishment to compel the insurance company to pay the judgment. The policy provided:

" . . . LIMITS OF LIABILITY. . . .
" . . .
"Bodily injury, sickness, disease or death—$5,000. each person and subject to that limit for each person. $25,000. each occurrence."

. . .

"CONDITIONS
"A. The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury to, sickness, disease, or death of one person in any one occurrence; . . ."

*Hutton v. Martin, supra* at 575, 577. Plaintiff contended that since she and her children were each injured parties, the $25,000 limit applied. The court disagreed:

Plaintiff and her children were not involved in the occurrence in which her husband was killed. Her judgment is for consequential and not direct damages. The plain words of the policy cannot be construed so that these consequential damages can be said to be for a distinct bodily injury to her or her children, or that they were not sustained because of the bodily injury or death of only one person, her husband. Such a construction would impose a liability upon the insurer in excess of the plain limit stated in the policy for an accident to one person.

*Hutton v. Martin, supra* at 577. *See also Lopez v. State Farm Fire & Cas. Co.*, 250 Cal. App. 2d 210, 58 Cal. Rptr. 243 (1967) and *Sheffield v. American Indem. Co.*, 245 S.C. 389, 140 S.E.2d 787, 13 A.L.R.3d 1220 (1965). Since the damages sought by the Buchanans under RCW 4.24.010 are "consequential" to the bodily injury suffered by their

daughter, they may not recover more than the policy limits for injury for "bodily injury sustained by one person as the result of any one accident."

Reversed.

FARRIS and WILLIAMS, JJ., concur.