[No. 45946.   En Banc.   October 11, 1979.]

RALPH C. FINNEY, ET AL, *Respondents,* v. FARMERS INSURANCE CO. OF WASHINGTON, ET AL, *Petitioners,* AETNA CASUALTY & SURETY CO., *Respondent.*

Walter G. Meyer, Jr. (of *Halverson, Applegate & McDonald*), for petitioners.

*Fortier & Baker, G. William Baker, Gavin, Robinson, Kendrick, Redman & Mays,* and *William H. Mays,* for respondents.

DOLLIVER, J.—Plaintiffs' daughter Robin was killed in a car accident in 1973. The car in which she was riding was driven by Norman Cornelius, Jr., and owned by Randall Wood, who was also a passenger. The car crossed the center line and collided head on with another automobile. All three occupants of the subject car were killed; all three were minors. Two occupants of the other car were killed and five persons were seriously injured.

The Finneys were insured by Mid–Century Insurance Company, a member of Farmers Insurance Group. The Cornelius family was insured by State Farm Mutual Automobile Insurance Company, and the Wood family was insured by Aetna Casualty and Surety Company.

At the time of the accident, the car was registered to one Monty Bak. He had sold the car to Randall Wood 5 days before the accident. The certificate of title had been endorsed to Wood, but he had never completed a registration and ownership certificate.

Plaintiffs instituted a wrongful death action against the estates of Norman Cornelius, Jr., and Randall Wood. A settlement and covenant not to sue was executed with the Cornelius estate. The $15,000 payment to plaintiffs was made by State Farm which disbursed the total amount of the Cornelius policy to plaintiffs, the injured parties, and personal representatives of deceased occupants of the other car involved in the collision. The document expressly reserved all claims against the other parties. judgment against Wood's estate was entered in the amount of $45,837.95 after trial of the wrongful death action. Aetna denied coverage, so plaintiffs were never able to collect on the judgment.

▮ Plaintiffs then instituted this action against Farmers to recover under the uninsured motorist provisions of two policies issued to them. They sought the maximum amount of the combined policies ($30,000), plus funeral expenses, interest and attorney fees. Farmers denied liability and filed a third–party complaint against Aetna. All parties moved for summary judgment. The trial court dismissed the third–party complaint and entered judgment for plaintiffs in the amount of $30,837.95, plus interest. The Court of Appeals affirmed. *Finney v. Farmers Ins. Co.*, 21 Wn. App. 601, 586 P.2d 519 (1978). We granted Farmers' petition for review and consider two issues discussed in the opinion of the Court of Appeals. The remaining issues raised by petitioner either have been thoroughly and adequately addressed by the comprehensive opinion of the Court of Appeals or have been abandoned by petitioner for lack of citation of authority. *In re Marriagé of Croley*, 91 Wn.2d 288, 588 P.2d 738 (1978). We affirm the decision of the trial court and the Court of Appeals.

Protection against uninsured motorists is required in this state. RCW 48.22.030 provides:

> [N]o new policy or renewal . . . shall be . . . issued . . . unless coverage is provided therein . . . for the protection of persons . . . who are legally entitled to recover

damages from owners or operators of uninsured motor vehicles . . .

The statute does not define "uninsured motor vehicle", but Farmers' insurance policy defines it as:

[A] land motor vehicle . . . with respect to the ownership, maintenance or use of which there is . . . no bodily injury liability insurance or bond applicable at the time of the accident . . .

The first question we consider is whether a vehicle is "uninsured" within the meaning of the statute and the policy where the operator has liability insurance, but the owner does not. Farmers contends plaintiffs can recover under the uninsured motorist clause of their policy only if both the owner and operator of the offending car are uninsured. Since Cornelius had insurance from State Farm, Farmers asserts that plaintiffs cannot recover under their own policy. Plaintiffs claim if the owner of a car is liable for its negligent use, and the owner does not have liability insurance, the car is "uninsured" and the uninsured motorist clause applies in favor of the policyholder. We agree.

■ We have previously held RCW 48.22.030 is to be liberally construed in order to provide broad protection against financially irresponsible motorists. *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d 327, 494 P.2d 479 (1972). The purpose of the statute is to allow an injured party to recover those damages which would have been received had the responsible party maintained liability insurance. *Touchette v. Northwestern Mut. Ins. Co., supra.*

The insurance carrier which issued the policy stands, therefore, in the shoes of the uninsured motorist to the extent of the carrier's policy limits.

*State Farm Mut. Auto. Ins. Co. v. Bafus*, 77 Wn.2d 720, 724, 466 P.2d 159 (1970).

The statute was designed to protect innocent victims of uninsured negligent motorists, not to protect vehicles. *Cammel v. State Farm Mut. Auto. Ins. Co.*, 86 Wn.2d 264, 543 P.2d 634 (1975). Where an insurance policy does not provide the protection mandated by RCW 48.22.030, the

offending portion of the policy is void and unenforceable. *Touchette v. Northwestern Mut. Ins. Co., supra; Federated Am. Ins. Co. v. Raynes*, 88 Wn.2d 439, 563 P.2d 815 (1977); *Grange Ins. Ass'n v. Great Am. Ins. Co.*, 89 Wn.2d 710, 575 P.2d 235 (1978).

The statute does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured motorists. *First Nat'l Ins. Co. of America v. Devine*, 211 So. 2d 587, 589 (Fla. Dist. Ct. App. 1968); *Touchette v. Northwestern Mut. Ins. Co., supra.*

Farmers contends the case of *Strunk v. State Farm Mut. Auto. Ins. Co.*, 90 Wn.2d 210, 580 P.2d 622 (1978), is pertinent. In *Strunk,* we had occasion to consider the effect of the uninsured motorist statute where the owner/operator of the offending vehicle was underinsured; that is, where liability insurance was insufficient to compensate plaintiff for the injuries he suffered. We held the uninsured motorist statute did not apply to such a situation and that plaintiff was not entitled to recover under his uninsured motorist policy the difference between his damages and the owner/operator's insurance policy limits. We were aided in our conclusion by the legislative history of the statute. After the original statute was enacted, bills were introduced to extend uninsured motorist insurance requirements to cases in which the responsible motorist was underinsured. This, we said, was clear evidence of legislative intent that the statute as enacted did not extend to such situations.

█ There is no similar legislative history here, nor are we confronted with a factual situation in which the only responsible party was insured under a policy which extended coverage for the accident in question. Here there are two responsible parties, one of which was uninsured, the other underinsured. The use of the word "or" is disjunctive. 1A C. Sands, *Sutherland's Statutory Construction* § 21.14 (4th ed. 1972). *Childers v. Childers*, 89 Wn.2d 592, 575 P.2d 201 (1978). We are persuaded that the legislature intended to provide uninsured motorist protection where

either one of the responsible parties lacks insurance coverage.

In *Allstate Ins. Co. v. Chastain,* 251 So. 2d 354 (Fla. App. 1971), the court considered the issues raised in this case. The plaintiff was a passenger who was injured in a collision; the driver of the other car was at fault. The operator of that car was insured; the owner, who was liable under Florida's dangerous instrumentality doctrine, was not insured. The plaintiff settled his claim with the driver and obtained a judgment against the owner. He then instituted an action against his own insurance carrier under an uninsured motorist clause. The court held the automobile was uninsured and affirmed a trial court judgment for plaintiff. The Florida uninsured motorist statute is virtually identical to RCW 48.22.030, and contains the same "owners or operators" language with respect to uninsured motor vehicles. Fla. Stat. Annot., § 627.727. Although there is contrary authority, much of it is, as pointed out by the Florida court, distinguishable. In addition, we believe the *Chastain* holding represents the better rule in light of the purpose of RCW 48.22.030.

■ We hold that, where a negligent owner of an automobile is not covered by liability insurance, even though the operator does have insurance coverage, the motor vehicle is "uninsured" for purposes of RCW 48.22.030. The uninsured motorist clause in plaintiffs' policy with Farmers provides protection to them, and they are entitled to recover under it.

Next we consider the settlement and covenant not to sue executed by plaintiffs with the Cornelius estate. Farmers contends the agreement, despite an express reservation of rights, also released Wood.

Under Washington law, where the ownership of an automobile is admitted and the owner is a passenger, there arises a presumption that, at the time of an accident, the driver was operating the vehicle as the agent or servant of the owner. *Callen v. Coca Cola Bottling, Inc.,* 50 Wn.2d 180, 182, 310 P.2d 236 (1957); *Moffitt v. Krueger,* 11 Wn.2d

658, 120 P.2d 512 (1941); Blashfield, *Automobile Law and Practice* §§254.4, 254.31 (3d ed. 1966). The owner is vicariously liable for the driver's negligence. *Moffitt v. Krueger, supra; Coins v. Washington Motor Coach Co.,* 34 Wn.2d 1, 208 P.2d 143 (1949).

In *Mills v. Inter Island Tel. Co.,* 68 Wn.2d 820, 416 P.2d 115 (1966), we held that a covenant not to sue does not release a joint tort–feasor where there is no double recovery. There is no danger of double recovery here. Nonetheless, Farmers urges us to restrict the *Mills* rule to cases involving joint tort–feasors and to hold that where one tort–feasor is only vicariously liable, the covenant not to sue releases that tort–feasor. We decline Farmers' invitation.

While a principal and agent are not joint tort–feasors, they are jointly and severally liable for all damages suffered by a plaintiff who has been injured as a result of the agent's negligence. *Wilson v. New York,* 131 N.Y.S.2d 47 (Sup. Ct. 1954); W. Seavey, *Law of Agency,* § 95 (1964). A covenant not to sue which expressly reserves all rights against an owner who is liable for the driver's negligence does not operate to release that owner. The intention of the parties and the holding of *Mills* should be honored in the factual situation presented by this case.

Affirmed.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, and WILLIAMS, JJ., and KERSHNER and NOE, JJ. Pro Tem., concur.