[No. 5190-1-III. Division Three. July 21, 1983.]

GRANGE INSURANCE ASSOCIATION, *Appellant*, v.
PATRICIA J. HUBBARD, *Respondent*.

*Gerald J. Moberg* and *Ries & Kenison*, for appellant.

*John P. Junke* and *McAdams & Ponti*, for respondent.

Roe, C.J.—Plaintiff Grange Insurance Association
(Grange) appeals a partial summary judgment which held
the underinsured motorist provision of an insurance policy

issued to defendant Patricia J. Hubbard covered her for the death of her minor son, Kevin, who was killed while knowingly riding in a stolen vehicle.

On November 22, 1980, Kevin Hubbard, the 15-year-old son of the defendant, became a passenger in a vehicle stolen by Matthew Parnell and Todd Phillips. While Parnell was driving, he lost control, the car left the road, and as a result Kevin was killed. Mrs. Hubbard made a claim to Grange for her loss under the underinsured motorist provision of her insurance policy. Grange denied coverage and initiated an action for declaratory relief to determine coverage. Mrs. Hubbard counterclaimed for an order determining coverage, compelling arbitration and awarding damages pursuant to RCW 19.86, consumer protection. She then moved for partial summary judgment on the issues of coverage and arbitration. The trial judge granted her motion thereby ruling the underinsured motorist provision provided coverage for Mrs. Hubbard's loss "to the extent allowed by RCW 4.24.010 . . ."[1]

The underinsured motorist endorsement[2] attached to the policy, part 5, reads in part:

DAMAGES FOR BODILY INJURY—
The Company agrees to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an underinsured automobile because of bodily injury, sickness or disease, *including death* resulting therefrom, hereinafter called "bodily

---

[1]The court also ordered arbitration pursuant to the policy, "unless within the applicable time for appealing these Orders the Plaintiff shall appeal these Orders . . ." and further reserved jurisdiction over the remaining portions of defendant's counterclaim.

[2]According to Grange's brief, this "underinsured motorist endorsement" was substituted in September 1980 in place of the "uninsured motorist coverage". Apparently, this was to conform to the Legislature's adoption of the underinsured statutory model in 1980. For excellent discussions comparing the former uninsured and 1980 underinsured statutes, *see* Barns & Smith, *Washington's Underinsured Motorist Statute: Examining the Procedural Issues*, 17 Gonz. L. Rev. 269 (1982); Comment, *Washington's Underinsured Motorist Statute: Balancing the Interests of Insurers and Insureds*, 55 Wash. L. Rev. 819 (1980).

injury", *sustained by the insured,* caused by accident arising out of the ownership and the applicable general conditions of the maintenance or use of such underinsured automobile, . . .

(Italics ours.)

It is conceded the defendant mother is an insured and it is assumed and not disputed that her minor son was *not* an insured.[3] The sole issue is whether she is covered under the policy for his death pursuant to RCW 4.24.010 (she does not sue in a representative capacity. *Cf.* RCW 4.20.010 *et seq.*), which provides in part:

The mother . . . may maintain an action as plaintiff for the injury or death of a minor child, . . .

. . .

. . . damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent–child relationship . . .

The applicable underinsured motorist statute, former RCW 48.22.030(2)[4] required that liability coverage provide "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles . . . because of bodily injury or death, resulting therefrom . . ." Laws of 1980, ch. 117, § 2, p. 361. This statute was construed in *Finney v. Farmers Ins. Co.,* 92 Wn.2d 748, 751–52, 600 P.2d 1272 (1979),[5] as follows:

We have previously held RCW 48.22.030 is to be liberally construed in order to provide broad protection against financially irresponsible motorists. *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479

---

[3]The policy excludes "uses of an auto by an insured without permission of its owner". According to Matthew Parnell's statement to the police, Kevin Hubbard knew that the car was stolen while he was riding in it.

[4]The present statute is essentially the same as the 1980 version with additional language relating to the inclusion of property damage coverage and "phantom vehicles". Laws of 1981, ch. 150, § 1, p. 717.

[5]We note *Finney* was modified in *Johnson v. Continental W., Inc.,* 99 Wn.2d 555, 663 P.2d 482 (1983), in a manner unrelated to the instant issue.

(1972). The purpose of the statute is to allow an injured party to recover those damages which would have been received had the responsible party maintained liability insurance. *Touchette v. Northwestern Mut. Ins. Co., supra.*

> The insurance carrier which issued the policy stands, therefore, in the shoes of the uninsured motorist to the extent of the carrier's policy limits.

*State Farm Mut. Auto. Ins. Co. v. Bafus,* 77 Wn.2d 720, 724, 466 P.2d 159 (1970).

The statute was designed to protect innocent victims of uninsured negligent motorists, not to protect vehicles. *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975). Where an insurance policy does not provide the protection mandated by RCW 48.22.030, the offending portion of the policy is void and unenforceable. *Touchette v. Northwestern Mut. Ins. Co., supra; Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977); *Grange Ins. Ass'n v. Great Am. Ins. Co.,* 89 Wn.2d 710, 575 P.2d 235 (1978).

The statute does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured motorists. *First Nat'l Ins. Co. of America v. Devine,* 211 So. 2d 587, 589 (Fla. Dist. Ct. App. 1968); *Touchette v. Northwestern Mut. Ins. Co., supra.*

Mrs. Hubbard claims this case is controlled by *Brummett v. Grange Ins. Ass'n,* 4 Wn. App. 979, 485 P.2d 88 (1971). The sole issue there was whether the uninsured motorist endorsement of an automobile liability policy issued by the carrier provided coverage for damages resulting from the wrongful death of the plaintiffs' two minor children. An uninsured automobile crashed into the backyard of the plaintiffs' home and dragged their two children into a collapsible swimming pool causing their deaths by drowning. The Brummetts were named insureds under the policy and the children were insureds by definition under the uninsured motorist supplement. The parties stipulated the parents were legally entitled to recover from the uninsured driver for all damages resulting from the deaths of the two children, including damages for loss of love and companionship and destruction of the parent–child relationship, in

accordance with RCW 4.24.010. The court held the uninsured motorist provision should give the same protection to the persons damaged as if the injury had been caused by an automobile covered by a standard policy. In other words, the insurance company stands in the shoes of the uninsured motorist and must pay its insured for all damages which he could otherwise collect had the offending car been covered by liability insurance. Thus, the parents were held entitled to recover for the loss of love and companionship of the children and the destruction of the parent–child relationship.

Grange urges that the defendant's right of action is derivative, and the child's comparative negligence is imputable to the parent thereby limiting recovery. *See McCandless v. Inland Northwest Film Serv., Inc.*, 64 Wn.2d 523, 531, 392 P.2d 613 (1964); RCW 4.22.020. It further contends that unlike *Brummett,* here the deceased child was not an insured and therefore the parent should not be allowed to recover in a derivative action.

Finally, Grange reasons that since the mother did not suffer any bodily injury, she should not recover under the underinsured motorist provision of the policy.

■ *West Am. Ins. Co. v. Buchanan,* 11 Wn. App. 823, 525 P.2d 831 (1974) is relevant. There, the insured's daughter was seriously injured by an uninsured motorist. The insurer conceded that the daughter was an insured and paid her guardian the policy limits ($15,000 where bodily injury is sustained by one person). The parents then sought coverage in their own right for grief, mental anguish and injury to the parent–child relationship under RCW 4.24-.010. They argued they were injured persons as a result of the accident and therefore the insurer's total liability of $30,000 for an accident where "*bodily* injury [was] sustained by two or more persons . . ." should apply. *West Am. Ins. Co.,* at 825. Rejecting the Buchanans' argument, the court stated at page 825: "To read the policy as the [parents] wish would be to read out of the clause the word 'bodily,' . . ." The court went on, however, to hold at page

827:

> Grief, mental anguish and suffering are arguably more similar to the "pain and suffering" element of direct damages for a "bodily injury" than to such consequential damages as medical expenses and loss of wages. But we are persuaded that grief and mental anguish are also consequential damages rather than direct damages because their recovery is necessarily dependent upon the injury to another person—the child.

And at pages 828–29:

> Since the damages sought by the Buchanans under RCW 4.24.010 are "consequential" to the bodily injury suffered by their daughter, they may not recover more than the policy limits for injury for "bodily injury sustained by one person as the result of any one accident."

In Comment, *The Washington Uninsured Motorist: An Analysis and Proposal for More Definitive Legislation,* 14 Gonz. L. Rev. 671 (1979), the author reconciled *Brummett* and *Buchanan* as follows at page 677, footnote 30:

> To the extent that the policy limits are not exceeded, a parent's claim for grief and mental anguish damages under RCW 4.24.010 are recoverable under an uninsured motorist endorsement. *See* Brummett v. Grange Ins. Ass'n, 4 Wn. App. 979, 485 P.2d 88 (1971). Once the policy limits are exhausted, a parent's claims under RCW 4.24.010 assume a consequential rather than direct character, and are not recoverable under an uninsured motorist endorsement for failure to satisfy the "bodily injury" requirement (*i.e.,* consequential injury is not bodily injury). *See* West Am. Ins. Co. v. Buchanan, 11 Wn. App. 823, 525 P.2d 831 (1974). It may therefore be gleaned from the preceding analysis that "bodily injury" denotes a somatic injury.

Here, the policy limits have not been exceeded; in fact, they have not been tapped at all because the injured child was uninsured and therefore unable to recover. Mrs. Hubbard, however, is an insured and her claim for grief and mental anguish damages are therefore recoverable under RCW 4.24.010 and her underinsured motorist endorsement.

We cannot improve upon the language contained in *Brummett,* at page 984 (quoting from *State Farm Mut.*

*Auto. Ins. Co. v. Bafus,* 77 Wn.2d 720, 724, 466 P.2d 159 (1970)):

> The insurance carrier which issued the policy stands, therefore, in the shoes of the uninsured motorist to the extent of the carrier's policy limits.

And further:

> The coverage required and the protection to be afforded from the uninsured motorist . . . [is] precisely the same damages which one can ordinarily claim for bodily injury from any other operator or owner of a motor vehicle.

Even though the minor son Kevin was uninsured according to the terms of the policy, that would not deprive his mother from claiming negligence on the part of the driver of the uninsured car,[6] which resulted in her son's death.

We hold the mother has an independent action of her own for the death of her minor son and that it is not derivative and does not depend upon his conduct which resulted in his uninsurability. Any provisions in the policy must yield to the public law. Since she has the right of action against someone whose negligence caused the death of her son, it makes no difference whether her son is insured under that policy or not.

Accordingly, the judgment of the trial court is affirmed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied August 29, 1983.

Review denied by Supreme Court November 4, 1983.

---

[6]Actually, the car was insured by its owners, but their policy did not provide coverage if the car was stolen. Likewise, the insurance policy of the parents of the driver, Matthew Parnell, did not provide coverage for the same reason.