[No. 15585-4-III.   Division Three.   May 13, 1997.]

PAUL DALEY, *Appellant*, v. ALLSTATE INSURANCE COMPANY, *Respondent*.

*William L. Hames*, for appellant.

*Scott A. Bruns*; and *Blaine G. Gibson* and *Dohn, Talbott, Simpson, Gibson & Davis*, for respondent.

THOMPSON, J. — Paul Daley appeals the summary dismissal of his claim for coverage under the underinsured motorist provision of his policy with Allstate Insurance Company. He contends the superior court incorrectly concluded the policy did not provide coverage for the emotional injuries he claims. Mr. Daley also requests attorney fees because of Allstate's denial of coverage. We reverse and award attorney fees.

Mr. Daley was a Benton County sheriff's deputy on

January 17, 1990, when he stopped his police vehicle to assist a man whose motorcycle had stopped running. State Patrol Trooper Raymond Hawn[1] also stopped and parked his vehicle behind Mr. Daley's, across Wine Country Road from the motorcycle. As the two officers were talking with the motorcyclist, a car driven by Jan Spencer "clipped" Mr. Daley and "struck" Trooper Hawn. Trooper Hawn suffered massive head and internal injuries and later died. Mr. Daley's physical injuries were relatively less serious, but he suffers from continuing emotional or psychological problems, including depression and post-traumatic stress disorder.

Mr. Daley apparently obtained the policy limits of Ms. Spencer's liability insurance policy, and he then sought additional compensation under the underinsured motorist (UIM) provision of his Allstate policy. The UIM provision provided in pertinent part:

> We will pay damages for bodily injury or property damage which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle. Injury must be caused by accident and arise out of the ownership, maintenance or use of an underinsured motor vehicle. Bodily injury means bodily injury, sickness, disease or death. Property damages means injury to or destruction of property.

Allstate refused to provide benefits under this provision, and Mr. Daley filed this action. On Allstate's motion for summary judgment, the superior court agreed the term "bodily injury" does not include emotional or psychological damages. Mr. Daley appeals the court's summary dismissal.

In this context, our inquiry is the same as the superior court's. *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 451, 842 P.2d 956 (1993). Summary judgment is proper only when the pleadings, affidavits, depositions, and admissions on file, viewed in a

---

[1]The parties disagree on the spelling of the trooper's last name. We use the spelling in the accident report.

light most favorable to the nonmoving party, show there is no issue of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). We resolve all reasonable inferences from the evidence against the moving party and grant summary judgment only if reasonable people could reach only one conclusion. *Detweiler v. J.C. Penney Cas. Ins. Co.*, 110 Wn.2d 99, 108, 751 P.2d 282 (1988).

■ The primary issue in this case is whether Allstate's UIM policy covered Mr. Daley's emotional injuries. RCW 48.22.030(2) requires insurers to offer coverage for damages from underinsured motor vehicles. An underinsured motor vehicle is

> a motor vehicle with respect to the ownership, maintenance, or use of which either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident, or with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.

RCW 48.22.030(1). Policies issued under this statute "allow[ ] an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits." *Britton v Safeco Ins. Co.*, 104 Wn.2d 518, 531, 707 P.2d 125 (1985); *see Hamilton v. Farmers Ins. Co.*, 107 Wn.2d 721, 727, 733 P.2d 213 (1987).

■ An initial question is whether Washington tort law permits Mr. Daley to recover for his emotional injuries. In other words, if Mr. Daley were not legally entitled to recover damages from Ms. Spencer, he would have no claim for coverage under the policy's UIM provision.

Historically, the law created "numerous artificial boundaries" limiting recovery for emotional damages in various

circumstances. *Hunsley v. Giard*, 87 Wn.2d 424, 434, 553 P.2d 1096 (1976). These boundaries are partly a result of concerns that "claims of mental harm will be falsified or imagined." W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 54, at 361 (5th ed. 1984) (hereafter PROSSER).

■■ In Washington and elsewhere, however, emotional damages accompanying a physical injury are recognized as a proper (if "parasitic") element of recovery. *Hunsley*, 87 Wn.2d at 428; *see* 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE, *Tort Law and Practice* § 4.5, at 78 (1993) (hereafter DEWOLF); PROSSER, *supra*, § 54, at 362-63; 4 STUART M. SPEISER ET AL., THE AMERICAN LAW OF TORTS § 16:1, at 943-44 (1987); *see, e.g., Green v. Floe*, 28 Wn.2d 620, 636-37, 183 P.2d 771 (1947); *Redick v. Peterson*, 99 Wash. 368, 370, 169 P. 804 (1918). In this case, Mr. Daley was physically injured in the accident, so he is entitled to compensation for emotional injuries that also arose from the accident.

Allstate contends, nevertheless, that Mr. Daley's emotional injuries were a consequence, not of his own injuries, but of his witnessing of Trooper's Hawn's death. Perhaps understandably, psychological evaluations do not make this distinction clear; if the difference were pertinent to the analysis here, it is a factual issue that would preclude summary judgment.

However, the distinction is unimportant in this case for two reasons. First, Mr. Daley's physical injuries alleviate the law's historical suspicion of emotional injuries generally. Because his emotional injuries flow directly from the same act that caused his physical injuries, there is no apparent reason to deny recovery for the emotional injuries.

Second, even if it were possible for a fact finder to segregate Mr. Daley's emotional injuries into two classes (one of which includes those resulting from witnessing his fellow officer's death), he would be entitled to recover for those as well. The law permits recovery by "plaintiffs who are actually placed in peril by the defendant's negligent

conduct and [by] family members present at the time who fear for the one imperiled." *Cunningham v. Lockard*, 48 Wn. App. 38, 45, 736 P.2d 305 (1987); *see* DeWolf, *supra*, § 4.27, at 93; *see also Gain v. Carroll Mill Co.*, 114 Wn.2d 254, 787 P.2d 553 (1990). Certainly Mr. Daley was placed in peril by Ms. Spencer's conduct, and he is entitled to recover for his resulting emotional injuries on that basis.

Dictum from the Supreme Court's decision in *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 289, 840 P.2d 860 (1992) illustrates this point. In that case, the plaintiff sued for injuries he suffered from an explosion; he sought at trial to admit photographs of a coworker who died in the explosion, and the defense objected that the photos were irrelevant. *Id.* at 289. Although the Supreme Court resolved the question on another ground, it noted:

> Defendant says that in order to assert a claim for emotional distress suffered as a result of viewing injuries to a third person, that person must be a family member, citing *Grimsby v. Samson*, 85 Wn.2d 52, 60, 530 P.2d 291, 77 A.L.R.3d 436 (1975).
>
> . . . [T]he contention is without merit. *Grimsby* concerns claims for emotional distress damages resulting from conduct directed at a third party. Plaintiff seeks damages for injury to himself resulting from conduct affecting him directly, and part of what happened in the explosion was plaintiff's seeing his co-worker burn to death while he was close enough to try to put the flames out.

*Id.* at 289.

Similarly here, Mr. Daley seeks damages for emotional injuries resulting from conduct that affected him directly, and a part of what happened to him was seeing his fellow officer suffer mortal injuries. The law permits Mr. Daley to recover his emotional injuries in this circumstance.

■■ Washington's UIM statute demonstrates a "strong public policy of assuring protection to the innocent victims of automobile accidents . . . ." *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 97 Wn.2d 203, 207, 643 P.2d 441 (1982).

Courts therefore liberally construe the statute to permit persons to recover from their UIM insurers "those damages which they would be entitled to recover from the responsible parties." *Allstate Ins. Co. v. Hammonds*, 72 Wn. App. 664, 671, 865 P.2d 560 (citing *Britton*, 104 Wn.2d at 522), *review denied*, 124 Wn.2d 1010 (1994). Because Mr. Daley would be entitled to compensation from Ms. Spencer for his emotional injuries, this public policy favors construing the statute to require Allstate to provide coverage for those injuries under its UIM policy.

However, Allstate contends that, even if Mr. Daley had a right to compensation from Ms. Spencer for his emotional injuries, its UIM clause does not provide coverage because it is expressly limited to "bodily injury or property damage." The precise question raised in this case, then, is whether, in light of the public policy favoring coverage for these injuries, Allstate's UIM clause should be interpreted to exclude damages from emotional injuries.

■■ Interpretation of insurance contracts is a question of law, and "policies are 'given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.' " *Culp v. Allstate Ins. Co.*, 81 Wn. App. 664, 667, 915 P.2d 1166 (quoting *Sears v. Grange Ins. Ass'n*, 111 Wn.2d 636, 638, 762 P.2d 1141 (1988)), *review denied*, 130 Wn.2d 1009 (1996).

The parties have not cited authorities, nor have we found any, that directly address the unique circumstances of this case. However, many cases in Washington and elsewhere have addressed the question whether emotional injuries or loss of consortium are compensable under a UIM policy covering "bodily injury," when the insured person has not suffered a physical injury. *See Hammonds*, 72 Wn. App. 664; *Grange Ins. Ass'n v. Hubbard*, 35 Wn. App. 407, 667 P.2d 121, *review denied*, 100 Wn.2d 1023 (1983); *West Am. Ins. Co. v. Buchanan*, 11 Wn. App. 823, 525 P.2d 831 (1974); *see also* Jane M. Draper, Annotation, *Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Extended "Per Accident" Coverage*

*Rather Than "Per Person" Coverage of Automobile Liability Policy*, 46 A.L.R.4TH 735 (1986). The parties' primary focus in this case is *Hammonds*, 72 Wn. App. 664, in which the court concluded a physically uninjured father's claim for loss of consortium arising from his son's injury was not compensable as a bodily injury under the father's UIM policy. *See Buchanan*, 11 Wn. App. 823; *but see Hubbard*, 35 Wn. App. 407.

These cases are distinguishable, however, because they involved emotional injuries or loss of consortium resulting from physical injuries to *another person*, and the damages thus are consequential, rather than direct. Damages from loss of spousal consortium, for example, "necessarily are dependent upon a bodily injury to the spouse who can no longer perform the spousal functions; it does not arise out of a bodily injury to the spouse suffering the loss." *Thompson v. Grange Ins. Ass'n*, 34 Wn. App. 151, 161-62, 660 P.2d 307 (citations omitted), *review denied*, 99 Wn.2d 1011 (1983). The spouse in *Thompson* was denied UIM coverage for emotional damages because she "did not suffer a bodily injury in the accident . . . ." *Id.* at 162; *see also Buchanan*, 11 Wn. App. at 827 ("[G]rief and mental anguish are also consequential damages rather than direct damages because their recovery is necessarily dependent upon the injury to another person . . . .").

In this case, Mr. Daley was physically injured, and his emotional injuries flowed directly from the conduct that caused his physical injuries. In this sense, then, the emotional damages are not consequential, because they did not depend entirely on a physical injury to a third party.

Allstate points out, however, that Mr. Daley's emotional injuries are partly a result of his witnessing Trooper Hawn's death, and thus may be perceived to be consequential to his fellow officer's injuries rather than his own. Again, to the extent this argument is valid, it would require a factual determination, which itself would call upon the wisdom of Solomon to precisely identify the source of Mr. Daley's psychological injuries.

We hold that because Mr. Daley's own physical injury entitles him to recover for "parasitic" emotional injuries, those injuries also are properly included within the term "bodily injury" in the Allstate UIM clause. *Hammonds*, on which Allstate primarily relies, is distinguishable, because it involved an indirect claim for loss of consortium; Mr. Daley's claim is for emotional injuries directly related to his own physical injury.

Two other cases on which Allstate relies also are distinguishable on this ground. In *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907-08, 726 P.2d 439 (1986), the court held a comprehensive liability insurance policy's coverage of "bodily injury" did not include emotional damages resulting from alleged sexual discrimination. And in *Northwest Farm Bureau Ins. Co. v. Roberts*, 52 Wn. App. 888, 890-91, 765 P.2d 328 (1988), the court similarly held a homeowners' policy's coverage for "bodily injury" did not include emotional distress resulting from negligently caused property damage. Neither case involved emotional damages arising directly from the plaintiffs' physical injury, and neither case applies here.

The rules of statutory construction do not compel a different result. In 1993, the Legislature adopted a definition of "bodily injury" that is essentially identical to Allstate's policy definition. RCW 48.22.005(2); *see* LAWS OF 1993, ch. 242, § 1(2). Allstate contends that, in adopting this definition several years after the Supreme Court's decision in *Hunsley*, the Legislature purposely intended to exclude damages for negligent infliction of emotional distress.

However (overlooking the fact that the statutory definition was added three years after the accident in this case), the authority on which Allstate relies does not support this argument. In *Woodson v. State*, 95 Wn.2d 257, 262, 623 P.2d 683 (1980), the court noted the Legislature "is presumed to know the existing state of the case law in those areas in which it is legislating." Emotional damages historically have been included as "parasitic" elements of damages to a physically injured plaintiff. Those emotional

damages thus are properly included in compensation for the physical injury. The Legislature's subsequent definition of the term "bodily injury," using words essentially identical to the policy language in this case, simply does not address whether emotional injury, resulting directly from conduct that also caused physical injury, should be included in coverage for "bodily injury."

The superior court improperly concluded Allstate's policy provided no coverage, and the dismissal must be reversed.

We also must consider whether Mr. Daley is entitled to attorney fees. An insured who is compelled to assume the burden of a legal action to obtain the benefit of an insurance contract is entitled to attorney fees. *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53, 811 P.2d 673 (1991); *see Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 143, 930 P.2d 288 (1997); *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 904 P.2d 731 (1995). However, the *Olympic S.S. Co.* rule authorizes attorney fees only when an insurer improperly denies *coverage*, not when it denies a *claim* or disputes the value of a *claim. Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994); *see Kroeger v. First Nat'l Ins. Co.*, 80 Wn. App. 207, 209, 908 P.2d 371 (1995), *review denied*, 129 Wn.2d 1002 (1996); *Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wn. App. 507, 517, 887 P.2d 449 (1995). As the Supreme Court recently has reiterated, disputes over coverage "include both cases in which the issue of any coverage is disputed and cases in which 'the extent of the benefit provided by an insurance contract' is at issue." *Leingang*, 131 Wn.2d at 147 (quoting *McGreevy*, 128 Wn.2d at 33).

> Questions of coverage involve a determination of who is insured, the type of risk insured against, and whether an insurance contact exists. *Kraus v. Grange Ins. Ass'n*, 48 Wn. App. 883, 886, 740 P.2d 918 (1987). A dispute over the extent of damages is not a question of coverage. *Kraus*, 48 Wn. App. at 886.

*Gossett v. Farmers Ins. Co.*, 82 Wn. App. 375, 388, 917 P.2d 1124 (1996).

In this case, Allstate has not disputed the extent of Mr. Daley's emotional damages; it simply has claimed that its policy's UIM provision does not entitle him to be compensated for those damages. The sole question is the type of risk Allstate's UIM provision insures against, and is a *coverage* issue. The *Olympic S.S. Co.* rule applies. Mr. Daley is entitled to attorney fees, which the superior court can determine on remand pursuant to RAP 18.1(j).

We reverse the order of the superior court and remand for further proceedings, including determination of appropriate attorney fees.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Review granted at 133 Wn.2d 1016 (1997).