[No. 7247-5-II. Division Two. May 8, 1987.]

CHRYL CUNNINGHAM, ET AL, *Appellants*, v. CLOVER LOCKARD, ET AL, *Respondents*.

*Frank E. Morris,* for appellants.

*Ralph G. Swanson* and *Swanson, Parr, Cordes, Younglove, Peeples & Wyckoff, P.S.,* for respondents.

PETRICH, J.—The plaintiffs Cunningham appeal the trial court's dismissal of the minor children's causes of action for loss of parental consortium and negligent infliction of emotional distress as well as the judgment in favor of the City of Olympia exonerating the City from any liability for injuries suffered by Mrs. Cunningham.

The Cunninghams raise the following issues:

## ISSUES

(1) Whether the minor childrens' claims which arose prior to the filing of *Ueland v. Pengo Hydra–Pull Corp.,* 103 Wn.2d 131, 691 P.2d 190 (1984) may be maintained in the State of Washington; (2) whether the minor childrens' presence at the incident which caused severe injuries to their mother is essential to support their claims for negligent infliction of emotional distress because of such injuries; (3) whether the failure of a juror to volunteer information not requested by the attorneys on voir dire

constitutes juror misconduct; (4) whether the defendants' attorney's elicitation of testimony from the plaintiffs alluding to insurance constitutes misconduct so great as to warrant a new trial; (5) whether the trial court properly rejected the plaintiffs' proposed instructions on proximate cause and on the duty a landowner owes to invitees; and (6) whether the trial court abused its discretion when it refused to grant the plaintiffs' motion for judgment n.o.v. or a new trial after the jury returned a verdict for the defendant.

## CONCLUSION

We conclude that: (1) the minor children's claim for loss of parental consortium arising prior to the filing of *Ueland* may not be maintained in the State of Washington; (2) the minor children's presence at the incident which caused severe personal injuries to their mother is essential to their claim for negligent infliction of emotional distress because of such injuries; (3) the juror, in the circumstances, had no duty to disclose information not requested by the attorneys, and such failure to disclose does not constitute juror misconduct; (4) the question alluding to insurance coverage by the defendants' attorney was not deliberately, wantonly, or collusively asked for the purpose of prejudicing the jury and, as such, a new trial was not warranted;[1] (5) the instructions as given adequately allowed the plaintiffs to argue their theory of the case to the jury; and (6) the verdict was sustained by the evidence and that no errors were made justifying a new trial. Accordingly, we affirm.

On November 3, 1982, in the early evening, Donald and Chryl Cunningham were on their way to Yauger Park, a facility maintained by the City of Olympia. The Cunninghams intended to view a soccer game in which their children were participants. While walking across Cooper Point Road with her husband at a point other than a crosswalk, Chryl Cunningham was struck by a car. Her two children were not present when the accident occurred. The children

---

[1]Moreover, plaintiffs' attorney did not move for a mistrial and is deemed to have waived his right to do so on appeal.

did not see or hear the impact and knew nothing about the accident until they learned of it later. Chryl Cunningham suffered severe injuries including extensive brain damage.

The plaintiff's husband, Donald Cunningham, filed suit on behalf of himself, his wife, and their two minor children against the driver of the car and the City of Olympia. The complaint alleged causes of action on behalf of the two children for loss of parental consortium and negligent infliction of emotional distress. Further, the complaint alleged that the City of Olympia was negligent in maintaining an extremely hazardous condition by failing to provide safe ingress and egress to Yauger Park when the City knew or should have known that pedestrians habitually crossed Cooper Point Road at the point of the accident in order to gain access to the park.

The trial judge struck the minor children's claims for loss of parental consortium and negligent infliction of emotional distress. The motion for reconsideration was denied on August 18, 1983. The driver of the car settled with the Cunninghams.

The case on behalf of the husband and wife was tried by a jury on the plaintiffs' theories of negligence and nuisance against the City of Olympia. During voir dire, a prospective juror was questioned as to his involvement in a personal injury disclosed in his affirmative response to a question on the jury questionnaire. Specifically, he was asked about injury to himself. He replied to the question asked. At no time was he asked by the plaintiffs', or any other attorney, about personal injury to any member of his family.

During the cross examination of Donald Cunningham, the City's attorney asked him if Chryl's expenses came out of Cunningham's own pocket and if he was reimbursed. The plaintiffs' objection was sustained, and the jury instructed to disregard the question and answer. No motion for a mistrial was made.

Finally, prior to the submission of the case to the jury, the plaintiffs excepted to the court's decision not to give proposed instructions 16 and 37 regarding proximate cause

and the duty a landowner owes to invitees.

When the verdict was returned for the City, plaintiffs moved for a judgment n.o.v. or a new trial. The judge denied their motion.

## LOSS OF PARENTAL CONSORTIUM

The minor plaintiffs contend that the trial court should not have dismissed their claim for loss of parental consortium. We disagree.

A child's independent action for the loss of the love, care, companionship, and guidance (parental consortium) was not recognized in this state until November 8, 1984, when the opinion in *Ueland v. Pengo Hydra–Pull Corp.* was filed. In its opinion, the court expressly limited its holding as follows: "We also limit this new right of action to causes of action arising on or after the date of the filing of this opinion, except that it is to be applicable in the present case." *Ueland v. Pengo Hydra–Pull Corp.*, 103 Wn.2d at 140–41. The opinion was filed on November 8, 1984. *Ueland v. Pengo Hydra–Pull Corp., supra.*

Consequently, the right of minors to sue for loss of parental consortium is prospective only. *Ueland*, 103 Wn.2d at 140–41; *Erdman v. Lower Yakima Vly. B.P.O.E.*, 41 Wn. App. 197, 211, 704 P.2d 150 (1985). Courts properly may limit new causes of action to prospective application only. *Erdman v. Lower Yakima Vly. B.P.O.E.*, 41 Wn. App. at 211; *Linkletter v. Walker*, 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731 (1965). Necessarily, hardships result. *Erdman v. Lower Yakima Vly. B.P.O.E.*, 41 Wn. App. at 212. Here, the children's claim arose on November 3, 1982. Therefore, the facts in this case did not constitute a recognized cause of action. The trial court did not err when it struck the claim from the pleadings.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The minor children next contend that because they suffered emotional distress and physical manifestations of the distress, they should have been allowed to pursue their claim for negligent infliction of emotional distress, even

though they were not present when their mother was injured. Again, we disagree.

The tort of negligent infliction of emotional distress was recognized in Washington in the case of *Hunsley v. Giard*, 87 Wn.2d 424, 553 P.2d 1096 (1976). One has a duty not to negligently inflict emotional distress on another. *Hunsley*, 87 Wn.2d at 435. The court indicated that the cause of action belonged not only to the person who was directly imperiled by the defendant's negligence but also to persons who were concerned with the well being of the imperiled person. *Hunsley*, 87 Wn.2d at 435–36. The court did not draw an absolute boundary around the class of persons whose peril may stimulate mental distress. *Hunsley*, 87 Wn.2d at 436. The court did attempt to limit the class which had a right of recovery by quoting a Hawaii Supreme Court opinion that discussed the element of foreseeability:

> [A] further limitation on the right of recovery, as in all negligence cases, is that the defendant's obligation to refrain from particular conduct is owed *only to those who are foreseeably endangered* by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous.

(Italics ours.) *Hunsley*, 87 Wn.2d at 436, quoting *Rodrigues v. State*, 52 Hawaii 156, 174, 472 P.2d 509 (1970).

A further limitation on the right to recover for negligent infliction of emotional distress is the requirement that mental suffering must be manifested by objective physical symptoms. *Hunsley*, 87 Wn.2d at 436; *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 962, 577 P.2d 580 (1978). If emotional distress accompanied with physical symptoms is present, then the defendant's liability is to be measured by the strictures imposed by the negligence theory, *i.e.*, foreseeable risk, threatened danger, and unreasonable conduct measured in. light of the danger. *Hunsley*, 87 Wn.2d at 435. Generally, once a duty is established foreseeability or proximate cause are questions for the jury. *Hunsley*, 87 Wn.2d at 436–37.

However, not every act that causes harm results in legal

liability. *Hunsley,* 87 Wn.2d at 434. "Washington law recognizes two elements to proximate cause: [c]ause in fact and legal causation." *Hartley v. State,* 103 Wn.2d 768, 777, 698 P.2d 77 (1985); *Harbeson v. Parke–Davis, Inc.,* 98 Wn.2d 460, 475, 656 P.2d 483 (1983). Cause in fact, the but for consequences of an act, is a determination usually left to a jury. *Hartley,* 103 Wn.2d at 778. Conversely, legal causation, which involves a determination of whether liability should attach given the existence of cause in fact, is a question of law to be determined by the court, based upon policy considerations as to how far the consequences of a defendant's act should extend. *Hartley,* 103 Wn.2d at 779.

The court in *Hunsley v. Giard, supra,* did not decide the scope of legal liability. Consequently, the decision subjects defendants to potentially unlimited liability to virtually anyone who suffers physical manifestations of emotional distress caused by personal peril or by concern for the peril of another. Because of this virtually unlimited liability, a boundary establishing the class of persons who can sue must be drawn.

Such a boundary has been established in the tort of outrage, which is also known as the intentional infliction of emotional distress. The elements of the tort of outrage are: (1) severe emotional distress, (2) the emotional distress was inflicted intentionally or recklessly, (3) the conduct complained of was extreme and outrageous, and (4) either the claimant personally was the object of the defendant's actions or was an immediate family member of the offended person and present at the time of such conduct. *Chambers–Castanes v. King Cy.,* 100 Wn.2d 275, 288, 669 P.2d 451, 39 A.L.R.4th 671 (1983); *Grimsby v. Samson,* 85 Wn.2d 52, 59–60, 530 P.2d 291, 77 A.L.R.3d 436 (1975). As element 4 illustrates, the class of plaintiffs who can claim the tort of outrage is limited to the person directly affected or a family member *present* at the time of the defendant's act.

■ Because the tort of outrage limits the plaintiff class and involves conduct of greater severity than that required for the negligent infliction of emotional distress, we con-

clude that policy considerations dictate that the legal liability of defendants who negligently inflict emotional distress must be limited to plaintiffs who are actually placed in peril by the defendant's negligent conduct and to family members present at the time who fear for the one imperiled. Additionally, the objective manifestation of physical symptoms must be present.

Here, the minor plaintiffs were not present when their mother was struck by the car. Consequently, the trial court did not err when it dismissed the minor plaintiffs' claim for the negligent infliction of emotional distress.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

REED, C.J., and WORSWICK, J., concur.