IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RHYAN FERGUSON, individually, | ) | No. 82479-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| OMEGA MORGAN SARENS, LLC, a foreign limited liability company; and OMEGA RIGGING & MACHINERY MOVING, INC., a Washington corporation, | ) ) ) ) ) | |
| | ) | |
| Respondents, | ) | UNPUBLISHED OPINION |
| | ) | |
| MORROW EQUIPMENT COMPANY, LLC, a foreign limited liability company; GLY CONSTRUCTION, INC., a Washington corporation; SEABURG CONSTRUCTION CORP., a Washington corporation; and JOHN DOES 1-10, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

BOWMAN, J. — A tower crane on a construction site collapsed "directly overhead" of ironworker Rhyan Ferguson while he was disassembling the crane. Ferguson sued subcontractors Omega Morgan Sarens LLC and Omega Rigging & Machinery Moving Inc. (collectively Omega) for negligent infliction of emotional distress (NIED). The trial court dismissed Ferguson's lawsuit for failure to state a claim on which it could grant relief under CR 12(b)(6). Because Ferguson's complaint alleges facts sufficient to show he was "placed in peril" by the crane collapse, we reverse and remand.

Citations and pin cites are based on the Westlaw online version of the cited material.

## FACTS

On April 27, 2019, a tower crane collapsed from a building under construction in Seattle's South Lake Union neighborhood, killing two people working in the crane's cab. Ferguson, an ironworker employed by Northwest Tower Crane Service Inc., was "working on disassembling the crane on the ground" when the crane collapsed. Ferguson "witnessed the crane collapsing directly overhead." He "ran to the collapsed crane cab as it fell next to him to help and rescue his coworkers and others injured on site."[1]

Ferguson sued Omega for NIED.[2] He alleged that Omega's negligence caused him to feel "intense fear for his life and those of his co-workers during the collapse and aftermath." Ferguson "felt immense emotional distress almost immediately," and over the next several weeks and months, he "began experiencing extensive diagnosed PTSD[3] and other mental health symptoms, including panic attacks, nightmares, chest tightness, emotional instability, and inability to focus." He said he "continues to suffer on-going mental health symptoms related to the crane collapse."

Omega moved to dismiss Ferguson's claim under CR 12(b)(6). The trial court granted the motion. Ferguson sought reconsideration, which the court denied. Ferguson appeals.

---

[1] Ferguson stayed with the two people killed in the crane's cab for several hours and watched a third coworker take "his final breaths."

[2] Ferguson also sued Morrow Equipment Company LLC, GLY Construction Inc., Seaburg Construction Corp., and John Does 1-10. He voluntarily withdrew appellate review of his claims against those parties on April 7, 2022.

[3] Post-traumatic stress disorder.

ANALYSIS

Ferguson argues the trial court erred by dismissing his NIED claim under CR 12(b)(6).  We agree.

Courts may dismiss a complaint under CR 12(b)(6) for "failure to state a claim upon which relief can be granted."  But they must do so " 'sparingly and with care.' "  Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998) (quoting Cutler v. Phillips Petroleum Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994)).  Dismissal is appropriate only if no set of facts consistent with the complaint would entitle the plaintiff to relief.  Jackson v. Quality Loan Serv. Corp. of Wash., 186 Wn. App. 838, 843, 347 P.3d 487 (2015).  In considering a motion to dismiss under CR 12(b)(6), courts presume the facts in the complaint are true and reject the motion if " 'any hypothetical situation conceivably raised by the complaint . . . is legally sufficient to support the plaintiff's claim.' "  Id. (quoting Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995)).  We review a trial court's decision to dismiss under CR 12(b)(6) de novo.  San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

To state a claim for NIED, a plaintiff must allege facts that support the traditional tort elements of duty, breach, causation, and damage or injury.  Hunsley v. Giard, 87 Wn.2d 424, 434, 553 P.2d 1096 (1976).  Each element is generally a question of fact for the jury to resolve.  Strong v. Terrell, 147 Wn. App. 376, 387, 195 P.3d 977 (2008).  But "to address past concerns that feigned claims of emotional distress would lead to 'intolerable and interminable litigation,' " Washington courts have imposed additional requirements on plaintiffs

3

who allege emotional distress damages without physical injury.  Bylsma v. Burger King Corp., 176 Wn.2d 555, 560-61, 293 P.3d 1168 (2013)[4] (quoting Corcoran v. Postal Tel.-Cable Co., 80 Wash. 576, 580, 142 P. 29 (1914)).  Such a plaintiff must show that his emotional distress was (1) within the scope of foreseeable harm of the negligent conduct, (2) a reasonable reaction under the circumstances, and (3) manifested by objective symptomatology.  Bylsma, 176 Wn.2d at 560.

A foreseeable harm plaintiff is one " 'actually placed in peril[5] by the defendant's negligent conduct.' "  Colbert v. Moomba Sports, Inc., 163 Wn.2d 43, 51, 176 P.3d 497 (2008) (quoting Cunningham v. Lockard, 48 Wn. App. 38, 44-45, 736 P.2d 305 (1987)).[6]  The plaintiff shows he reacted reasonably under the circumstances if his reaction is that "of a normally constituted person."  Hunsley, 87 Wn.2d at 436.  And emotional distress that is " 'susceptible to medical diagnosis and proved through medical evidence' " manifests objective symptomatology.  Kumar v. Gate Gourmet, Inc., 180 Wn.2d 481, 506, 325 P.3d 193 (2014) (quoting Hegel v. McMahon, 136 Wn.2d 122, 135, 960 P.2d 424 (1998)).

---

[4] Internal quotation marks omitted.

[5] Older cases refer to this as being in the "zone of danger" of a defendant's negligent conduct.  See, e.g., Repin v. State, 198 Wn. App. 243, 260, 392 P.3d 1174 (2017) (citing Murphy v. City of Tacoma, 60 Wn.2d 603, 620, 374 P.2d 976 (1962)).  Under the zone-of-danger rule, a plaintiff who was not physically injured must show that the defendant's negligence physically affected their person or security or that there was an immediate threat of a physical effect.  Repin, 198 Wn. App. at 259-60.  While the language has changed over time, the concept remains the same.

[6] Foreseeable harm plaintiffs can also be family members present at the time of an accident or who arrived soon after and feared for the one imperiled.  Colbert, 163 Wn.2d at 51-52.  Courts often refer to NIED lawsuits initiated by family members as "bystander" claims.  Bylsma, 176 Wn.2d at 569.

Omega argues that Ferguson's complaint does not show he was "placed in peril" by the crane collapse. According to Omega, Ferguson placed himself in peril by running to the cab of the crane.[7] But Ferguson's complaint alleges that he was "working on disassembling the crane on the ground" when he "witnessed the crane collapsing directly overhead." He "felt intense fear for his life . . . during the collapse and aftermath." Assuming those facts are true, it is conceivable that the collapse of the crane imperiled Ferguson. It is foreseeable that a collapsing tower crane could harm the workers below. Whether Ferguson placed himself in greater peril and contributed to his distress through his own actions is an issue the litigation process must resolve.

Because Ferguson's complaint alleges facts sufficient to show the collapse of the crane placed him "in peril," we reverse the order granting Omega's CR 12(b)(6) motion to dismiss the complaint and remand.

_____, J.

WE CONCUR:

_____, A.C.J.          _____, J.

---

[7] Omega argued below that Washington courts no longer recognize a "direct" NIED claim. They abandon that argument on appeal.