[No. 6826–5–II.   Division Two.   July 19, 1985.]

FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent,* v. TIM CLURE, ET AL, *Appellants.*

*Craig F. Schauermann,* for appellants.

*John Richard Potter,* for respondent.

ALEXANDER, J.—At issue in this appeal is whether an automobile insurance policy's exclusion for injuries sustained while "occupying" a motorcycle applies when an insured suffers injury as a result of being thrown from a motorcycle. On cross motions for summary judgment, the trial court answered in the affirmative and entered judgment in favor of Farmers Insurance Co. We agree and affirm.

This action was submitted to the trial court on the following stipulated facts. Timothy Clure, son of Kay Clure, was severely injured in 1982 as the result of the negligent

driving of an uninsured motorist. The accident occurred while Timothy was riding his motorcycle. His motorcycle was struck on the right side, causing injuries to his right leg while he was still on the vehicle. The force of the collision also caused Timothy to be thrown from his motorcycle. As a result of the impact with the ground, Timothy sustained severe injuries to his left side.

At the time of the accident, Timothy was an insured under an automobile liability policy issued by Farmers to his mother. The motorcycle, however, was not an insured vehicle under this policy. The Clures nevertheless presented a claim to Farmers under the policy's uninsured motorist and medical expense coverages. The Clures sought benefits, however, only for the injuries received by Timothy on his impact with the ground. Farmers denied liability based on two exclusions contained in the policy:

This [uninsured motorist] coverage does not apply to bodily injury sustained by a person:
1. While occupying a motor vehicle owned by you or a family member for which insurance is not afforded under this policy . . .
This [medical expense] coverage does not apply for bodily injury to any person:
. . .
3. Sustained while occupying a motorized vehicle with less than four wheels.
. . .
Occupy means in, on, getting into or out of.

Farmers then brought this declaratory judgment action to determine its liability, if any, under the policy. The trial court held that the Clures were not entitled to any coverage under the policy, concluding that "although a portion of [Timothy's] injuries were incurred after [he] was thrown from his motorcycle, his injuries were due to the occurrence of continuing events relating to occupying a motor vehicle [not insured under the policy]."

The Clures argue that the exclusionary language of the policy is ambiguous, and, therefore, the interpretation most favorable to the insured must be adopted. Specifically, the

Clures contend that if Farmers intended to exclude coverage for all injuries associated with use of a noninsured vehicle, they were required to incorporate "proximate cause" language such as "injuries resulting from occupying . . ." or "injuries sustained during an accident" or occurrence by a person while occupying . . ." Thus, the Clures assert that the absence of such language is dispositive, requiring an interpretation that coverage is excluded only for those injuries sustained while in direct physical contact with a vehicle not insured under their policy. Since a portion of Timothy's injuries occurred after he was thrown from the motorcycle and collided with the ground, they contend they are entitled to the policy's uninsured motorist and medical expense coverages. We disagree.

█ The general rule in interpreting insurance contracts is that exclusionary clauses are strictly construed against the insurer. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.,* 99 Wn.2d 65, 659 P.2d 509 (1983), *modified,* 101 Wn.2d 830, 683 P.2d 186 (1984). However, this rule of strict construction is merely an aid in determining the intention of the parties. "It is not intended that the rule should be applied to override the otherwise apparent clear intention of the parties." *Aetna Ins. Co. v. Kent,* 85 Wn.2d 942, 946, 540 P.2d 1383 (1975). The meaning of an exclusionary provision can be determined only from viewing the policy as a whole, not in terms of isolated segments read alone. *Shotwell v. Transamerica Title Ins. Co.,* 91 Wn.2d 161, 166, 588 P.2d 208 (1978). An exclusionary clause must therefore be harmonized with the coverage clause. *See United States Fire Ins. Co. v. Roberts & Schaefer Co.,* 37 Wn. App. 683, 683 P.2d 600 (1984); *Greer v. Northwestern Nat'l Ins. Co.,* 36 Wn. App. 330, 674 P.2d 1257 (1984).

██ When we read the exclusionary provisions at issue here in conjunction with the policy language granting coverage, it is quite apparent that the exclusions for "occupying" a noninsured vehicle or motorcycle are intended to relate to injuries sustained in an accident which directly result from being "in, on, getting into or out of" a nonin-

sured vehicle or motorcycle. The absence of the terms "accident" or "arising or resulting from" does not render the exclusionary clauses ambiguous as suggested by the Clures. There is no uninsured motorist or medical expense coverage under the policy unless there is an "accident."[1] It therefore follows that if coverage is dependent upon an accident, an exclusion from coverage is also necessarily dependent upon the occurrence of an accident and thus must be read into the policy's exclusionary clauses to give them effect.

"Accident" is defined under the policy as a sudden event. The policy's definition of accident also incorporates a proximate cause element, encompassing any injuries flowing from the unexpected event.[2] Here, it is beyond dispute that the accident occurred while Timothy Clure was "on" the motorcycle, an accident situation which was excluded from uninsured motorist and medical expense coverages. By the policy's express definition of "accident," all of Timothy's injuries flowing from his occupancy of the motorcycle were excluded from uninsured motorist and medical expense coverages.

This is the only sensible construction of the policy. An insurance contract must be given a fair, reasonable and sensible construction as it would be understood by the average insurance purchaser. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 545 P.2d 1193 (1976). It should not be given a "strained or forced construction which would

---

[1]The policy provides for uninsured motorist coverage as follows:

"We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident . . ."

Similarly, the medical expense coverage provides:

"We will pay reasonable expenses incurred within three years from the date of accident for necessary medical and funeral expenses because of bodily injury sustained by an insured person."

[2]"Accident means 'a sudden event, including continuous or repeated exposure to the same conditions, resulting in bodily injury or property damage neither expected nor intended by the insured person.'"

lead to an . . . absurd conclusion, or render the policy nonsensical or ineffective." *Morgan,* 86 Wn.2d at 434–35.

While the factual context of the case may dictate the meaning to be given to the term "occupying," a fair and ordinary meaning here of the phrase "bodily injury while occupying" refers to injuries sustained when thrown from a vehicle during a collision.[3] The average purchaser of this policy would not reasonably conclude that the exclusion from coverage was merely dependent upon the fortuitous circumstance that a portion of his or her body remained in physical contact with the motorcycle at the precise moment of injury. It is common knowledge that a myriad of risks and exposures are associated with the operation of a motorcycle "not the least of which is the fact that in any motorcycle accident the passenger is almost certainly going to be thrown violently from the vehicle." *Greer,* 36 Wn. App. at 342.

Moreover, it can hardly be disputed that the purpose of the exclusionary clauses is to preclude coverage for motorcycles and vehicles not expressly insured under the policy. The term "occupy" does not place a qualification on the insurer's intent to limit its contractual liability. The technical and narrow construction of "occupy" urged by the Clures would make the exclusionary clauses virtually meaningless and alter the nature of the insurer's risks by factors not contemplated in the computation of premiums. Courts are not allowed to render an insurance policy nonsensical under the guise of construction. *See Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976).

The trial court's interpretation of the policy, denying coverage, is also consistent with the extent of mandatory coverage insurers are required to offer under Washington's

---

[3]We are aware that *Rau v. Liberty Mut. Ins. Co.,* 21 Wn. App. 326, 585 P.2d 157 (1978) suggested that the term "occupy" be given a narrow meaning. However, the factual context of *Rau* is clearly distinguishable from the present case. In *Rau,* unlike here, the injured claimant sought uninsured motorist coverage (under a policy defining insured as an occupant of a vehicle) for an accident which occurred when he was a considerable distance outside of the vehicle.

"underinsured motorist statute," RCW 48.22.030, as amended by Laws of 1980, ch. 117, § 1.[4] The Clures' arguments that Farmers is attempting to whittle away coverage contrary to this state's public policy of assuring monetary protection to innocent victims of automobile accidents caused by insolvent motorists are misplaced. RCW 48.22-.030, as amended, expressly allows an insurer to exclude from mandatory underinsured motorist coverage, motor vehicles including motorcycles which are not insured under the liability section of the policy. *See Sowa v. National Indem. Co.,* 102 Wn.2d 571, 688 P.2d 865 (1984). There is nothing in the record indicating that Farmers offered or that the Clures requested or sought coverage beyond the statutory minimum. Farmers' policy provided uninsured motorist coverage to Mrs. Clure's vehicle, which was insured under the liability section of the policy. That is all that was required.

We affirm the judgment.

REED, A.C.J., and PETRICH, J., concur.

---

[4]The policy here was issued after September 1, 1980, the effective date of this amendment. Laws of 1980, ch. 117, § 8.