[No. 16013-3-I.   Division One.   August 20, 1986.]

CARL EURICK, ET AL, *Appellants,* v. PEMCO INSURANCE COMPANY, *Respondent.*

*Philip E. Hickey, Dale Ulin,* and *Ulin, Dann, Elston & Lambe,* for appellants.

*Sidney Snyder, Jr.,* and *Merrick, Hofstedt & Lindsey,* for respondent.

WEBSTER, J.—Appellants Carl and Elizabeth Eurick brought a declaratory action to determine whether the underinsured motorist provision of their insurance policy with respondent Pemco Insurance Co. provided them with coverage for the death of their minor son Alex. The trial court entered summary judgment in favor of Pemco and the Euricks now appeal. We reverse.

Alex died as a result of an accident that occurred while he was a passenger on a motorcycle. The motorcycle owner/operator was uninsured with respect to Alex because of a passenger exclusion in his insurance policy. The Euricks therefore looked to their own insurers for compensation.

The policy issued by Pemco to the Euricks states:

[Pemco agrees] [t]o pay all sums which the insured . . . shall be legally entitled to recover as damages from the

owner or operator of an uninsured [motor vehicle] because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership . . . or use of such uninsured [motor vehicle]; . . .

The parties agree that these provisions are subject to the following exclusion:

This policy does not apply . . . to bodily injury to an insured while operating, occupying or using a motorcycle . . .

Though Alex was uninsured under this policy because of the motorcycle exclusion, the Euricks sought compensation under these provisions for damages they themselves had suffered as a result of Alex's death. Pemco denied the claim, interpreting the motorcycle exclusion to preclude any claims arising from the injury of one operating or occupying a motorcycle.

RCW 48.22.030[1] requires insurers to offer underinsured motorist coverage, but permits a motorcycle exception. We must now determine the scope of that exception and whether it defeats the Euricks' claim.

█ The Euricks make their claim pursuant to RCW 4.24.010,[2] which gives parents a right of action against one

---

[1]RCW 48.22.030 provides in relevant part:

"No new policy . . . insuring against loss resulting from liability imposed by law for bodily injury . . . suffered by any person arising out of the ownership . . . or use of a motor vehicle shall be issued with respect to any motor vehicle . . . in this state unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles . . . because of bodily injury . . . resulting therefrom, *except while operating or occupying a motorcycle or motor-driven cycle,* and except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy." (Italics ours.)

[2]RCW 4.24.010 provides in relevant part:

"The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child . . .

". . .

"In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the

whose negligence causes the death of their child. That action is distinct from an action brought in a representative capacity for the benefit of the estate of the deceased. *Grange Ins. Ass'n v. Hubbard,* 35 Wn. App. 407, 667 P.2d 121, *review denied,* 100 Wn.2d 1023 (1983). *Cf.* RCW 4.20-.046; *Wooldridge v. Woolett,* 96 Wn.2d 659, 638 P.2d 566 (1981) (survival statute does not create a separate claim for survivors). Thus, if the Euricks prove that the motorcycle operator's negligence caused Alex's death, they would be legally entitled to recover damages in their capacity as Alex's parents.

In *Grange Ins. Ass'n v. Hubbard, supra,* this court held that an insured parent could recover her RCW 4.24.010 damages under the underinsured motorist provisions of her policy even though coverage did not extend to her son. The court stated:

> Even though the minor son . . . was uninsured according to the terms of the policy [because he was knowingly riding in a stolen vehicle], that would not deprive his mother from claiming negligence on the part of the driver of the uninsured car, which resulted in her son's death.
>
> We hold the mother has an independent action of her own for the death of her minor son and that it is not derivative and does not depend upon his conduct which resulted in his uninsurability. Any provisions in the policy must yield to the public law. Since she has the right of action against someone whose negligence caused the death of her son, it makes no difference whether her son is insured under that policy or not.

(Footnote omitted.) *Grange Ins. Ass'n,* at 413. *See* Comment, *The Washington Uninsured Motorist: An Analysis and Proposal for More Definite Legislation,* 14 Gonz. L. Rev. 671 (1979).

Pemco argues that *Hubbard* differs from the case sub judice because the motorcycle exclusion is statutorily authorized, while the provision which excluded the Hubbard

---

parent–child relationship in such amount as, under all the circumstances of the case, may be just."

child from coverage was not. The *Hubbard* court, Pemco claims, was concerned that to exclude parental coverage would impermissibly restrict the scope of the underinsured motorist statute. Pemco argues the same danger is not present here because the Legislature has specifically authorized the motorcycle exclusion.

The statute, however, does not clearly delineate the scope of the exclusion. Consequently, rules of statutory construction come into play. The purpose of the underinsured motorist statute is

> to broaden greatly the protection of the public against economic consequences and partly to ameliorate the ravages from injuries at the hands of uninsured persons operating vehicles upon the public streets and highways . . .

*Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 335, 494 P.2d 479 (1972). Because the statute is remedial, it should be liberally construed to accomplish the purpose for which it was enacted. *Touchette v. Northwestern Mut. Ins. Co., supra; Rau v. Liberty Mut. Ins. Co.,* 21 Wn. App. 326, 585 P.2d 157 (1978). Accordingly, the exceptions to the general requirements of the statute should be narrowly confined.

The exclusion for motorcycles is a legislative recognition of the increased danger which inheres in the use of motorcycles. *See Greer v. Northwestern Nat'l Ins. Co.,* 36 Wn. App. 330, 341, 674 P.2d 1257 (1984). There is no evidence, however, that the Legislature intended the exception to exclude all claims arising out of the use of motorcycles. Had the Legislature intended such a broad exception, it could have created one by simple and direct language. It did not. We therefore hold that the motorcycle exception to the underinsured motorist statute does not permit the exclusion of the Euricks' claim for damages under RCW 4.24-.010, even though coverage does not extend to Alex because of the statutorily authorized exception.

We reverse the summary judgment and direct the entry of summary judgment declaring coverage to exist.

WILLIAMS and COLEMAN, JJ., concur.

Review granted by Supreme Court December 2, 1986.