[No. 53160-9.   En Banc.   June 11, 1987.]

CARL EURICK, ET AL, *Respondents,* v. PEMCO INSURANCE COMPANY, *Petitioner.*

*Merrick, Hofstedt & Lindsey, P.S.,* by *Sidney R. Snyder, Jr.,* and *Nancy K. McCoid,* for petitioner.

*Ulin, Dann, Elston & Lambe,* by *Philip E. Hickey,* for respondents.

PEARSON, C.J.—Petitioner Pemco Insurance Company seeks review of a Court of Appeals decision reversing a grant of summary judgment in Pemco's favor. The petition grows out of a suit brought by Carl and Elizabeth Eurick, owners of an automobile insurance policy issued by Pemco. Two issues are presented for review: (1) does the motorcycle exclusion in the underinsured motorist provision of the Euricks' policy bar not only direct claims by the particular insured who was riding a motorcycle but also indirect claims by other insureds; and (2) if the policy bars indirect claims, does the policy violate RCW 48.22.030, the statute governing underinsured motorist coverage? We hold that the exclusion bars all claims arising from the bodily injury of the motorcycle rider, and such a policy is wholly consonant with the underinsured motorist statute. We reverse.

## FACTS
For purposes of the summary judgment motion the following facts are not in dispute. Respondents Carl and

Elizabeth Eurick purchased an automobile insurance policy from Pemco that provided coverage for the Euricks and their minor child. During the time the policy was in effect the child was killed while riding as the passenger on a motorcycle. The driver's negligence was the cause of the child's death, but the driver's insurance policy did not provide coverage for injuries to a guest–passenger. The respondents sought coverage under their own policy under the underinsured motorist provision. *See generally Eurick v. Pemco Ins. Co.,* 45 Wn. App. 54, 723 P.2d 554 (1986).

The portion of the Pemco policy granting coverage states that Pemco agrees to pay

all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an underinsured [motor vehicle] because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such underinsured [motor vehicle].

The motorcycle exclusion states: "This policy does not apply . . . to bodily injury to an insured while operating, occupying or using a motorcycle".

The parties do not dispute that respondents' claims arise out of the child's "bodily injury" or that the motorcycle exclusion bars the child's and/or his representative's claims. However, respondents argue that the exclusion precludes recovery only for the insured who was occupying the motorcycle and therefor does not preclude recovery for the *parents'* damages.

## ANALYSIS

In construing a contract, the court's duty is to determine the parties' intent at the time of contracting. *See E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.,* 106 Wn.2d 901, 907, 726 P.2d 439 (1986); *Farmers Ins. Co. v. Clure,* 41 Wn. App. 212, 215, 702 P.2d 1247 (1985). When the contract is an insurance policy, ambiguities are resolved in favor of the policyholder. *See E–Z Loader,* at 907. In addition, exclusionary clauses are to be construed strictly against the insurer. *Farmers,* at 215. However, rules of con-

struction are not goals in themselves but only aids to interpretation; the goal is to give effect to the apparent clear intention of the parties. *Farmers,* at 215. The contract must be read as the average person would read it; it should be given a "practical and reasonable rather than a literal interpretation", and not a "strained or forced construction" leading to absurd results. *E–Z Loader,* at 907.

The gist of respondents' argument is that the motorcycle exclusion unambiguously excludes only the claims of the insured who is "operating, occupying or using a motorcycle". Parents' claims that are distinct and "nonderivative" would not be excluded. Respondents note that Washington recognizes two kinds of parental claims: those embodied in the survival statute, RCW 4.20, and those embodied in the statute entitled "Action for injury or death of child", RCW 4.24.010. Survival statute claims are brought by a parent as representative of a deceased child's estate; because the parent in a sense steps into the child's shoes, claims brought under this statute would be excluded by the motorcycle provision just as the child's own claims would be. On the other hand, parental claims under RCW 4.24.010 are brought by a parent for the parent's own loss due to the child's injury or death; such claims are "nonderivative" with respect to the child's, and therefore are not excluded. *Compare Thompson v. Grange Ins. Ass'n,* 34 Wn. App. 151, 161, 660 P.2d 307 (1983) *with Grange Ins. Ass'n v. Hubbard,* 35 Wn. App. 407, 413, 667 P.2d 121, *review denied,* 100 Wn.2d 1023 (1983).

The question of whether RCW 4.24.010 claims should be characterized as "derivative" or "nonderivative" need not concern us here. The question before us is whether a reasonable person reading the insurance policy would believe that the motorcycle exclusion applied to the parents' RCW 4.24.010 claims. RCW 4.24.010 allows parents to recover damages "for medical, hospital, [and] medication expenses, and [for] loss of services and support . . . [and] for the loss of love and companionship of the child and for injury to or destruction of the parent–child rela-

tionship . . .".

We believe that the clear intent of the contract was to exclude from the set of risks that Pemco would insure against, and that respondents would pay premiums for, *all* claims arising from injuries sustained by a motorcycle driver or rider. Recognition of the parents' claims would render the exclusion virtually meaningless. The only damages a parent *cannot* recover under RCW 4.24.010 appear to be the child's personal pain and suffering. If the parents' claims were allowed, the insurer would pay the bulk of the damages it would have paid had the child brought its own action. To allow the exclusion to be circumvented merely by the substitution of one insured for another on the claim form would be to succumb to a "forced" or "strained" interpretation totally at odds with the interpretation the average person would give the policy. The average policyholder would read the exclusion as a real—not an illusory—limitation on coverage.

Respondents argue, however, that if the contract does exclude parents' claims, the contract violates RCW 48.22-.030. RCW 48.22 governs underinsured motorist coverage and restricts the scope of exclusions allowed in underinsurance policies. *See Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 331, 494 P.2d 479 (1972).

■■ In 1980, the Legislature amended RCW 48.22 to require insurers to offer underinsured motorist coverage to all automobile policyholders. RCW 48.22.030(2). At the same time, the Legislature permitted insurers to exclude from their underinsured policies losses by persons "operating or occupying a motorcycle". RCW 48.22.030(2); *Sowa v. National Indem. Co.,* 102 Wn.2d 571, 577–78, 688 P.2d 865 (1984). Respondents contend that the Legislature did not intend RCW 48.22.030(2) to limit a parent's claims under RCW 4.24.010; the two statutes must be read in concord, with the motorcycle exclusion applying only to the actual party "operating or occupying" a motorcycle.

In *Sowa v. National Indem. Co., supra,* we recognized the motorcycle provision as a broad exclusion. *Sowa,* at 579

("[T]he Legislature viewed the exception as part of its definition of coverage."). The legislative intent was to grant insurers a special exemption from the general requirement of offering underinsured motorist coverage: insurers would not have to cover the special risks posed by motorcycles. RCW 48.22.030(2) has been held to permit motorcycle exclusions in underinsured coverage in a number of different types of situations: for example, when the person injured is a guest–passenger, *see Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 683 P.2d 180 (1984), or when the injured party suffers additional injuries after being thrown from the cycle, *see Farmers Ins. Co. v. Clure,* 41 Wn. App. 212, 702 P.2d 1247 (1985). *See generally Greer v. Northwestern Nat'l Ins. Co.,* 36 Wn. App. 330, 341–43, 674 P.2d 1257 (1984).

Respondents argue that the Legislature would have used more precise language had it intended to exclude parents' claims. However, respondents' interpretation suffers the same defect as their contract interpretation argument: it allows circumvention of the clear purpose of the statute. The statute was designed to allow insurers to exclude coverage for the increased risk of harm posed by motorcycles. To allow such claims under a different named plaintiff frustrates that purpose. Respondents also argue that denial of the parents' claims in this case would violate public policy. This court has in the past invalidated exclusions for violating public policy. *See, e.g., Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 213, 643 P.2d 441 (1982). However, the place the court initially looks to determine public policy is in statutes. *Britton v. Safeco Ins. Co.,* 104 Wn.2d 518, 528–29, 707 P.2d 125 (1985). We have already construed RCW 48.22.030 to exclude parents' claims based on a child's motorcycle injuries. *See Sowa,* 102 Wn.2d at 577–80.

Moreover, exclusions that have been held violative of public policy generally have been those manifesting no relation to any increased risk faced by the insurer, or when innocent victims have been denied coverage for no good

reason. *See Wiscomb,* at 208–09 (invalidating exclusion aimed at members of insured's household or family); *see also Greer,* at 340–41. Where the insurer faces an increased risk—as in the case of drivers under 25 years of age— exclusions have been upheld. *See Wiscomb,* at 209. Because motorcycles clearly represent an additional risk to the insurer, the exclusion is valid.

Respondents have failed to demonstrate the absence of other avenues for insuring against motorcycle accidents. The record reveals no evidence that the medical or accident insurance policies generally available on the market uniformly deny coverage for motorcycle–generated injuries. Thus we see no compelling public policy reason for countermanding the will of the Legislature and requiring such coverage as part of the ordinary automobile insurance policy.

The judgment of the Court of Appeals is reversed, and the grant of summary judgment in favor of petitioner is reinstated.

UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and HAMILTON, J. Pro Tem., concur.