McRAE, P. J.,
concurring in part and dissenting:
¶ 15. I concur with the majority in finding that there are material issues as to whether the type of provision exercised by the company to refuse to pay was not material to the acceptance of the risk or hazard it assumed. However, I also dissent to the majority’s finding that the territorial limitation provision is valid under this State’s public policy. The exclusion exercised by Mid American was enabled through a practice which should be declared void as against public policy. Furthermore, Mid American should be es-topped from enforcing the clause since it did not furnish Mary Carlisle a copy of the insurance policy.
¶ 16. Our holding in Reserve Life Insurance Co. v. McGee, 444 So.2d 803 (Miss.1983), is not completely inapplicable to the case sub judice. The reasoning which supports this Court’s opinion in that case is based upon the principle that the right to recover under an insurance policy should only be denied upon bases which materially affect the acceptance of risk or hazard assumed by the insurer. Id. However, a better and more applicable statement of such a principle, as it specifically relates to exclusions, was made by the Washington Supreme Court in Eurick v. Pemco Ins. Co., 108 Wash.2d 338, 738 P.2d 251 (1987). The decision states that “exclusions that have been held violative of public policy generally have been those manifesting no relation to any increased risk faced by the insurer, or when innocent victims have been denied coverage for no good reason.” Id. at 253-54.
¶ 17. By incorporating Section 13, subsection (f) of the rental agreement into the life insurance policy, Mid American has created a territorial exclusion which works against the public policy of this State. Mid American’s representative stated that there would have been no increase in the premium charged to Carlisle had she told them she intended to take the ear out of the state. Certainly if the insured’s leaving the state were material to the acceptance of the risk by Mid American in an accidental death policy, there would have been an increase in the $1.00 a day premium. As such, it appears that this exclusion does not bear any relation to the risk assumed by Mid American in the accidental death policy and should be declared void. The provision in question and the manner in which it was incorporated into *767 the insurance policy are violative of public policy.
¶ 18. The exclusion exercised by Mid American was enabled through a practice which should be declared void as against public policy. To allow such use and rental restrictions to be incorporated into the life insurance agreement would render the contract illusory. Budget Rent-A-Car Systems, Inc. v. Ricardo, 85 Hawai’i 243, 942 P.2d 507, 513 (1997). By allowing Mid American to incorporate the territorial limitation into a rental contract, this Court has effectively endorsed the ability of such companies to market and sell insurance policies to the public which can be rendered illusory through the exercise of such catch-all clauses. Such practices should be declared void as against public policy.
¶ 19. Furthermore, the record in this case does not inform us as to whether Carlisle was ever provided with a complete copy of the insurance policy she purchased which would give her notice of the provisions and the limitations of said policy. An exclusion to an insurance policy, even an unambiguous one, should not be enforced against an insured who has not been afforded notice of the exclusion at the time of entering the insurance contract. Mid American should be estopped from enforcing the clause since it did not furnish the policy to Carlisle before her death.
DIAZ AND GRAVES, JJ., JOIN THIS OPINION.